LIEBERMAN, Respondent, vs. WEIL and another, Appellants.

*December 7, 1909—February 22, 1910.*

*Master and servant: Compensation: Contract of employment construed: Discharge: Dissatisfaction: Good faith.*

1. By a contract with a traveling salesman his employer agreed to pay him a certain commission on cash collected on sales made by him and, in a later paragraph, agreed to allow him to have a salary account of a certain sum per annum, payable in monthly instalments. Sums advanced on the salary account were to be deducted from commissions that might be due, but there was no provision that any part of the salary should be refunded if the commissions earned fell below that sum. *Held,* that the salesman was entitled to the salary, and the provision as to commissions was inoperative so long as they did not exceed the salary.

2. Under a contract by which an employee agrees to perform services to the satisfaction of his employers, they may discharge him if dissatisfied, and it is immaterial whether the reasons for dissatisfaction exist in fact or in imagination; but the dissatisfaction must be real and in good faith.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This action arose out of the following contract, in which the plaintiff is the party of the second part and the defendants are parties of the first part:

"This agreement, made and entered into this seventeenth day of August, A. D. 1905, by and between *Abraham Weil* and *Harry Pflaum,* copartners, doing business under the firm

name of Weil, Pflaum & Company, parties of the first part, and *Albert B. Lieberman,* party of the second part, witnesseth:

"(1) The parties of the first part hereby agree to employ the party of the second part as a traveling salesman from the first day of October, A. D. 1905, to the thirteenth day of September, A. D. 1907, and agree to pay to said party of the second part seven and one-half ($7\frac{1}{2}$) per cent. commission on cash collected on the sales made by party of the second part for and on behalf of the parties of the first part, it being the intention hereby to pay to the party of the second part a commission of seven and one-half ($7\frac{1}{2}$) per cent. on the net sales made by said party, the parties of the first part to deduct from all sales made by the party of the second part, before paying him any commissions, amounts lost by failures, cancellations, or returns of merchandise on all orders secured by the party of the second part.

"(2) Said parties of the first part further agree to advance to the party of the second part all necessary traveling expenses, not exceeding $650 for the spring trip and $850 for the fall trip.

"(3) Said parties of the first part further agree to allow said party of the second part to have a salary account of twenty-seven ($2,700) hundred dollars per annum, payable in monthly instalments of two hundred and twenty-five ($225) dollars each, such sums of money so advanced on account of said salary account and all moneys advanced by the parties of the first part to the party of the second part on account of necessary traveling expenses to be deducted from any commission that might be due from the parties of the first part to the party of the second part, under the terms and conditions of this agreement.

"(4) In consideration of the foregoing the party of the second part hereby accepts said employment and agrees to devote his entire time and attention and give his best efforts and services to the parties of the first part during the continuance of this agreement, and agrees to perform his services to the satisfaction of the parties of the first part, and further agrees not to enter into any other employment during the term of this agreement, or to devote any of his time and attention to any other business or to represent any other firm or corporation,

either upon salary or commission, during the term of this
agreement.

"(5) It is further stipulated and agreed by and between
the parties hereto that there will be an accounting one year
after the commencement of the employment of the party of the
second part under the terms of this agreement, and that at
such accounting all moneys drawn by the party of the second
part on account of his monthly advance account and on account
of all necessary traveling expenses shall be deducted from any
commissions which the party of the second part may have
earned under the terms of this agreement, and the surplus, if
any, shall then become due and payable to the party of the
second part."

The plaintiff was discharged August 7, 1906. Thereafter
he sought and procured other employment, and brings this
action to recover the difference between the amount actually
earned by him between August 1, 1906, and September 30,
1907, and the amount which he would have received from
the defendants on the basis of a salary of $2,700 per year had
his contract remained in force.

The court submitted the following question to the jury for
answer: "Was the plaintiff discharged by the defendants be-
cause plaintiff's services were unsatisfactory to defendants in
good faith?" The jury answered this question in the nega-
tive, and judgment was rendered on such verdict in favor of
plaintiff for $1,200 damages, together with interest and costs,
aggregating in all $1,442.03. From such judgment defend-
ants appeal.

*Frank M. Hoyt,* for the appellants.

*W. B. Rubin* and *W. C. Zabel,* for the respondent.

The following opinion was filed January 11, 1910:

BARNES, J. The defendants contend that the provisions of
the first paragraph of the contract are controlling as to the
compensation which plaintiff should receive. If this view of
the contract is correct, plaintiff failed to show that he was
entitled to recover any damages whatever. Defendants fur-

ther contend that they had the right under the contract to dis-
charge the plaintiff at any time his services were not per-
formed to their satisfaction; that they had reason to be and
were dissatisfied with the services rendered, and had the un-
equivocal right to discharge, which they exercised in a proper
manner, and therefore no recovery should be permitted.

Considering the first paragraph of the contract alone, the
plaintiff would be entitled to receive a commission on his
sales for his compensation.    The third paragraph, however,
seems to plainly provide that the plaintiff should have a salary
of $2,700 per year.    There is no covenant that any part of
this salary should be refunded in the event that the commis-
sion provided for in the first paragraph should be less than the
salary account provided for in the third.    Neither is there any
provision for a refund in the final paragraph of the contract,
which designated how and when settlements between the par-
ties should be made.    This fact, coupled with the positive
agreement to pay $2,700 per annum in salary, leads us to the
conclusion that, construing the instrument as a whole, the
plaintiff was entitled to draw the salary provided in the agree-
ment, and that the provisions of the first paragraph of the con-
tract were inoperative so long as the commissions on sales did
not exceed the salary provided for.    Parol evidence of the
negotiations between the parties which resulted in the written
contract was offered and received without objection.    If we
concede the contract to be ambiguous and the parol evidence
referred to competent, a consideration thereof and of the prac-
tical construction apparently placed upon the contract by the
parties lead to the same conclusion.

It is conceded that by the terms of the contract the defend-
ants might discharge the plaintiff if they were dissatisfied
with him, and that it was immaterial whether the reasons for
dissatisfaction existed in fact or in imagination.    But the
"dissatisfaction must not be capricious or mercenary, nor re-
sult from a dishonest design to be dissatisfied in any event.

It must be real and in good faith." *Parr v. Northern E. Mfg. Co.* 117 Wis. 278, 289, 93 N. W. 1099, 1103. Other cases to the same effect are *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Exhaust V. Co. v. C., M. & St. P. R. Co.* 66 Wis. 218, 28 N. W. 343.

The jury found that the defendants did not in good faith discharge the plaintiff because his services were unsatisfactory. There is a very considerable quantum of evidence in the case to support this finding, notwithstanding the fact that the defendants on the trial gave entirely satisfactory reasons for the discharge. The jury evidently believed that the reasons given on the trial were not the ones that actuated the defendants in making the discharge. It would serve no useful purpose to recapitulate the testimony which we conclude is sufficient to support the verdict. These views render it unnecessary to discuss other questions argued by the appellants.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied February 22, 1910.