TOWN OF MINERAL POINT, Respondent, VS. CITY OF MINERAL POINT, Appellant.

*January 14—February 8, 1921.*

*Taxation: Review of action of assessing bodies: Jurisdiction of courts: Allocation of income taxes between municipalities: Review: Recovery of amount allocated to municipality: Procedure.*

1. Courts, either at law or in equity, are powerless to give relief against the erroneous judgment of assessing bodies, except as they may be specially empowered by law to do so.
2. Sec. 1087*m*—17, Stats. 1917, does not contemplate a judicial review of the action of the state tax commission in allocating income taxes of a corporation to the various municipalities entitled thereto under sec. 1087*m*—22; and the statutes of this state confer upon the courts no power or authority to review such allocation.
3. Under sub. (6), sec. 1087*m*—22, Stats. 1917, where the plaintiff town applied to the tax commission and had the income tax of a corporation paid the defendant city allocated to it, the town securing the written approval of the commission for payment to it by the city of $6,248.58, and the claim of the town was filed with the city within a year, stating the facts, including the fact that the payment had been approved by the tax commission as required by the statute, the town, on refusal of the city to pay, had a good cause of action for the recovery of the amount, less the amounts paid the county and the state; the word "may," in the clause of the statute "such moneys may be paid to such town, city or village as is by law entitled to such tax upon such town, city or village making a satisfactory showing to the common council, town or village board, of such fact, within one year after the payment of the

income tax," meaning *must*, and the words "satisfactory show-ing" not being used in the sense in which they are ordinarily used in contracts. The town, however, has no right to a re-allocation by the court or a review of alleged error of the tax commission or taxing officers.

APPEAL from an order of the county court of Iowa county: ALDRO JENKS, Judge. *Affirmed.*

Demurrer.   Allocation of income tax to taxing districts.

It appears from the amended complaint that the Mineral Point Zinc Company operates a plant situated within the limits of the city of *Mineral Point* and partly within the town of *Mineral Point.*   In 1918 the company paid to the city $48,065.71 as a tax upon its income for 1916 and that a part of the income was derived from business carried on and property located within the town of *Mineral Point.*   There-after the town of *Mineral Point* secured the written approval of the tax commission for the payment of $6,248.58 as its portion of the income tax upon the Mineral Point Zinc Com-pany on its income for 1916.

The town then filed its duly verified claim within one year from the payment of the tax to the city of *Mineral Point* with the common council of the city of *Mineral Point,* which claim was for $6,248.58 less the amount paid by the city to the state and county.   The common council never passed upon this claim and no notice of action or non-action upon said claim has ever been served upon the town of *Mineral Point.*

It further appears from the allegations of the amended complaint that the tax commission, in giving its written approval and consent, fixed the amount at $6,248.58 by reason of an error in computation due to the fact that the return for the year 1917 was used instead of the return for the year 1916, and it is alleged that if the allocation or apportionment of the tax had been made by the tax com-mission on the basis of the facts as they existed in the year 1916, the amount due the plaintiff town would be greatly in

excess of $6,248.58; that the plaintiff is unable to state the exact amount due because it has no means of ascertaining the facts upon which the apportionment must be made; that if it is necessary "to determine the actual value of those parts of the plant located respectively in the town of *Mineral Point* and in the city of *Mineral Point,* such valuation will involve a large number of parcels of real estate and a large number of permanent improvements, the value of which it is difficult to determine;" that the value of that part of the plant located in the city of *Mineral Point* is difficult to determine owing to the complexity of the assessment records for 1916 for the city of *Mineral Point,* which records cover many pages and consist of hundreds of items, including assessments of a large number of persons and of a large number of parcels of real estate, the location and identity of which is difficult to ascertain; that the Mineral Point Zinc Company is a large corporation doing a gross business of $2,500,000 to $3,000,000 a year; that the allocation of the income among the three plant units would involve an inspection of long, complicated accounts containing thousands of items; that it would be difficult to determine to which unit of the plant many of the items should be attributed; that all of the aforesaid units are furnished power by a single power plant of great value, and that it would be very difficult to determine what part of the value of the power plant should be properly credited to the respective units of the plant aforesaid.   The prayer was for an accounting to determine the amount of the tax justly belonging to plaintiff and judgment therefor.

The defendant interposed a general demurrer to the amended complaint, which demurrer was overruled, and from the order overruling the demurrer this appeal is taken.

For the appellant there were briefs by *Thomas M. Priestley* of Mineral Point, attorney, and *Sanborn, Blake & Aberg* of Madison, of counsel; and the cause was argued orally by *Mr. John B. Sanborn* and *Mr. Priestley.*

For the respondent there was a brief by *Fiedler, Fiedler & Jackson* of Mineral Point, and oral argument by *Raymond T. Jackson* and *E. C. Fiedler.*

Rosenberry, J.   Attention is called to the fact that we are not here dealing with the revaluation or reassessment of property for taxing purposes.   It is admitted that the taxpayer has discharged its obligation to the state, and the controversy is solely between two taxing districts as to the allocation of the tax.

The right of the plaintiff to recover grows out of the provisions of the statutes then in force, as follows:

Sec. 1087m—22, Stats. 1917.   "(6) Whenever any city, town or village shall have collected an income tax that under the income tax law ought not to have been collected by such city, town or village, but by the provisions of the income tax law should have been collected by another town, city or village, such moneys may be paid to such town, city or village as is by law entitled to such tax upon such town, city or village making a satisfactory showing to the common council, town or village board, of such fact, within one year after the payment of the income tax; provided, however, that no town or village board or common council shall refund any such moneys without the written approval of the assessor of incomes who made the assessment, or of the tax commission in the case of assessments made by it, specifying the defect in the assessment of [or] tax proceeding."

This section was amended by ch. 306, Laws 1919, which amendment is not material excepting as it may aid in the construction of the statute.   In the absence of the statute, we are cited to no authority which would authorize a recovery under the common law in a like situation.   Cases involving the distribution of assets where one municipality has been created out of another are not helpful for the reason that they depend upon the terms of the particular enabling act involved.   While it is claimed by the plaintiff that it would have had a right of action against the defendant in the nature of an action for money had and received

at common law, no authorities are cited to support that proposition. The statute providing for the allocation of the tax is as follows:

"Section 1087*m*—22. The place at which the income tax herein provided for shall be assessed, levied and collected shall be determined as follows:

"(1) In their return for purposes of assessment persons deriving incomes from within and without the state, or from more than one political subdivision of the state, shall make a separate accounting of the income derived from without the state and from each political subdivision of the state in such form and manner as the tax commission may prescribe.

"(2) The entire taxable income of every person deriving income from within and without the state or from within different political subdivisions of the state, when such person resides within the state, shall be combined and aggregated for the purpose of determining the proper exemptions and proper rate of taxation. The taxable income so computed shall be assessed, and taxes at such rate shall be paid, in the several towns, cities and villages in proportion to the respective amounts of income derived from each, counting that part of the income derived from without the state when taxable as having been derived from the town, city or village in which said person resides."

It is provided by sec. 1087*m*—20:

"1. The state tax commission shall complete the assessment of income for each corporation, joint-stock company, and association on or before the fifteenth day of October in each year, and compute the tax thereon, and shall thereupon forthwith certify to each county clerk a statement of the assessment of each corporation, joint-stock company and association in his county and the amount of tax levied against each."

By the provisions of sec. 1087*m*—10 it is provided:

"The assessment of corporations, joint-stock companies and associations shall be made by the state tax commission, and the assessment of persons other than corporations, joint-stock companies and associations shall be by the county assessor of incomes."

It is provided by sub. 3, sec. 1087*m*—10, that every corporation shall furnish to the tax commission a true and accurate statement at such time and in such manner and form and setting forth such facts as said commission shall deem necessary to enforce the provisions of this act. There is no allegation in the complaint that the Zinc Company did not make a proper return as required by the income tax act.

The question arises, May the courts review the action of the tax commission in allocating the taxes of the Zinc Company to the various municipalities entitled thereto under the provisions of sec. 1087*m*—22, such allocation being a part of the assessment which the tax commission is required to make under the terms of the law, the right to such review not being given by the statute? There seems to be no provision for the review of the assessment upon the motion of a taxing municipality. While the language of sec. 1087*m*—17 is very broad, it apparently does not contemplate a review of the allocation between different taxing districts, but confers upon the board of review the power to increase or lessen the amount of any income assessed under the conditions there specified. We shall not construe the statute in this proceeding, as it does not appear from the allegations of the complaint that any effort was made by the aggrieved town to have the assessment made by the tax commission passed upon by the board of review. It appears from the allegations of the complaint that the tax commission proceeded upon its own initiative to correct the error with reference to the allocation of the tax assessed upon the income of 1916. No effort was made to obtain a review of the proceedings by which the tax commission endeavored to correct the mistake it had made. On the contrary, the aggrieved town filed a claim for the amount allocated to it by the tax commission and brought this action to enforce payment thereof, claiming, however, that a much greater amount is justly due to it. The granting of the relief sought

by the plaintiff would involve a reassessment, at least in part, of the income of the Zinc Company, in order that the alleged mistake of the tax commission might be corrected. No principle of law is better established than that courts, either at law or in equity, are powerless to give relief against the erroneous judgment of assessing bodies except as they may be specially empowered by law to do so. *Mills v. Gleason,* 11 Wis. 470; *Wis. Cent. R. Co. v. Ashland Co.* 81 Wis. 1, 50 N. W. 937; *State ex rel. Brown Co. v. Myers,* 52 Wis. 628, 9 N. W. 777; *State ex rel. Ellis v. Thorne,* 112 Wis. 81, 87 N. W. 797; 2 Cooley, Taxation (3d ed.) p. 1382 and cases cited. When the taxing authorities act within their jurisdiction and exercise their judgment in the manner prescribed by statute their determination is final and conclusive and their action may not be reviewed except in a manner prescribed by statute. Mere irregularities or errors of judgment afford no basis for invoking the exercise of judicial power. The remedies provided by statute are presumed to be adequate. *Ogden City v. Armstrong,* 168 U. S. 224, 18 Sup. Ct. 98. The statutes of this state confer upon the courts no power or authority to review, in the particular circumstances of this case, the action of the tax commission in allocating the tax.

The plaintiff therefore must recover, if at all, by virtue of the provisions of sub. (6), sec. 1087m—22. This brings us to the construction and application of that statute. The statute was evidently enacted so as to permit the tax commission to correct mistakes made by it in the allocation of income taxes between municipalities and to give the municipality which should by the provisions of the income tax law have received the tax the right to collect it. We think, therefore, the word "may" in the clause "such moneys may be paid to such town," etc., must be construed to mean "must," where the town entitled to receive the tax has complied with the provisions of the statute. The allegations of the complaint show that the plaintiff applied to the tax com-

mission and had the income of the Mineral Point Zinc Company allocated, with the result that it secured the written approval of the tax commission for the payment of $6,248.58 by the defendant. The claim was filed with the defendant within one year, stating the facts, including the fact that the payment had been approved by the tax commission as required by the statute. It is urged here that under the rule in *Lieberman v. Weil*, 141 Wis. 635, 124 N. W. 262, the court cannot say that the defendant city should have been satisfied with the showing made. We do not think the word "satisfactory," as used in sub. (6), was used in the sense in which it is ordinarily used in contracts relating to services or goods. We think that, as a matter of law, when by the showing made it satisfactorily appeared that the amount claimed is due and owing, that the claim had been filed within the time limited, that the tax commission had given its written approval and specified the defect in the assessment, in this case the allocation of the tax, the showing must be said to have been satisfactory in a legal sense. The allegations of the complaint show that such a showing was made, and the defendant thereby became obligated to pay the plaintiff the amount properly belonging to it under the provisions of the income tax law. The complaint states a good cause of action for the recovery of the sum of $6,248.58, less the amounts paid to county and state. It does not state a cause of action entitling the plaintiff to have the court make a re-allocation of the taxes or to correct the alleged error of the tax commission or to review the proceedings of the taxing officers, no such remedy being given the plaintiff by statute.

*By the Court.*—The order appealed from is affirmed, neither party to recover costs in this court, except the appellant shall pay the clerk's fees.