STATE EX REL. TOWN OF GREENFIELD and others, Appellants, vs. CONWAY and others, Respondents.

*April 1—April 28, 1936.*

*Gilbert J. Davelaar* of Milwaukee, for the appellants.

For the respondent village of West Milwaukee the cause was submitted on the brief of *Allan J. Busby,* attorney, and *George H. Gabel* of counsel, both of Milwaukee.

WICKHEM, J.   The offices, buildings, laboratories, power-house, and several warehouses of the Sivyer Company are located in the village, and the balance of its plant is in the town.   The taxpayer made no separate accounting in its income tax reports showing an allocation of the income earned in each municipality, and for the years 1920 to 1930, inclusive, failed to report the amount of, (1) property; (2) sales; and (3) cost of manufacture within the town and village, respectively.   In addition, there was a failure to report that the taxpayer's property and activities were carried on in the village as well as in the town.   In consequence, the income taxes were not apportioned between the town and village, but were wholly paid to the town for assessments up to and including the year 1931, and were incorrectly apportioned in the assessment of 1932.   Upon discovery, the tax commission found itself unable, because of the statute of limitations, to make a reapportionment going back further than the 1929

assessment. For the subsequent years it reapportioned the tax in accordance with its rules and regulations which are substantially identical with those provided in sec. 71.02 (3) (d), Stats., for allocation of the income taxes of persons doing business within and without the state. Under the rule of this statute, apportionment is made by taking the arithmetical average of three established ratios: (1) The ratio of tangible property owned and used in connection with its business by the taxpayer in Wisconsin to that owned elsewhere; (2) in the case of manufacturing businesses, the ratio of total cost of manufacturing within this state to total cost of manufacturing elsewhere; (3) in the case of trading, mercantile, and manufacturing concerns, the ratio of total sales made through or by offices, agencies, or branches located in Wisconsin during the income year to total net sales made elsewhere during the income year. This ratio was determined and applied with such modifications as were necessary in view of the fact that the comparison was not between business done within and without the state, but between business done within different political units within this state. This was in attempted compliance with sec. 71.18 (2), Stats., which provides as follows:

"The entire taxable income of every person deriving income from within and without the state or from within different political subdivisions of the state, when such person resides within the state, shall be combined and aggregated for the purpose of determining the proper rate of taxation. The tax commission or the assessor of incomes, as the case may be, shall compute the tax on the combined taxable income of such person. The income so computed, in the manner provided in section 71.10, shall be apportioned, in the manner provided in paragraph (c) of subsection (3) of section 71.02, to the several towns, cities and villages in proportion to the respective amounts of income derived from each, counting that part of the income derived from without the state when taxable as having been derived from the town, city

or village in which said person resides. The tax on the combined taxable income shall be apportioned on the tax roll to the various towns, cities and villages in proportion to the respective amounts of taxable income so attributed to each."

Criticism of the order is based on the fact that the commission credited the total sales to the village where the sales offices of the taxpayer were located and from which all sales were made. It is claimed that there should have been deducted from this credit the manufacturing costs which had theretofore been credited to the town. It is asserted that the formula of the commission does not apportion the income "in proportion to the respective amounts of income derived from each" political subdivision. The answer is that the commission apportioned the income in the manner prescribed by sec. 71.18 (2), Stats., which requires that the income shall be apportioned in the manner provided in sec. 71.02 (3) (c).

The only possible question as to the propriety of the method adopted by the commission arises out of the fact that the reference in sec. 71.18 (2), Stats., is to the apportionment prescribed in 71.02 (3) (c). In fact, the apportionment method prescribed by sec. 71.02 is in par. (d) of sub. (3). Par. (c) of sub. (3) of this section described no method of apportionment and in fact deals specifically with businesses not requiring apportionment. It is too plain for argument that the intended reference was to par. (d), and this is the more evident when it is considered that sec. 71.18 (2) has to do with the apportionment not only of incomes derived from different subdivisions of the state, but those derived from within and without the state. The commission applied the method of apportionment prescribed by statute, and there is no contention that this method is in any respect invalid. It follows that relator's position cannot be sustained.

It is next contended that the failure of the tax commission to grant relator a hearing offends the provisions of the

state and federal constitutions, particularly secs. 9 and 13, of art. I, of the state constitution, and the Fourteenth amendment to the United States constitution. It is also contended that if sec. 71.18 (4), Stats., provides for no hearing upon an order of the tax commission approving a refund of taxes erroneously paid, it is invalid under the Fourteenth amendment as denying to relator due process and the equal protection of the laws. We consider that relator has no standing to raise either question. The taxes in question were not paid to or held by the relator in a proprietary capacity, and, this being true, the constitutional aspects of this case are determined adversely to relator by *Will of Heinemann,* 201 Wis. 484, 230 N. W. 698, and *Bell v. Bayfield County,* 206 Wis. 297, 239 N. W. 503. The matter was fully and adequately considered in these cases, and we shall not extend this opinion by a restatement of the principles involved. See also *Town of Mineral Point v. City of Mineral Point,* 173 Wis. 355, 181 N. W. 224.

*By the Court.*—Judgment affirmed.