CITY OF MILWAUKEE and others, Respondents, vs. WEGNER and others, Appellants.

*December 7, 1950—January 9, 1951.*

For the appellants there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Harry G. Slater,* assistant city attorney, and oral argument by *Mr. Slater.*

*Herbert L. Mount* of Milwaukee, and *Robert J. Cunningham* of Janesville, for intervening plaintiffs and respondents.

There was also a brief by *Robert J. Cunningham* of Janesville, as *amicus curiae.*

FRITZ, C. J. The trial court overruled defendants' demurrer *ore tenus* on the ground that the action is against the individual defendants and that it is not a suit against the state, and that therefore it is a proper action against the defendants for declaratory relief under the applicable statutes. The court's conclusion and order overruling the demurrer must be affirmed for the reasons stated in *Berlowitz v. Roach,* 252 Wis. 61, 64, 30 N. W. (2d) 256. In that action, as in the present case, it was argued "that while the state is not named as a party defendant it is the party in interest because the money realized from the collection of this tax is state property." For reasons stated then and in the cases then cited, we stated that, "We cannot agree with appellants' position that this is an action against the state." And that conclusion is likewise applicable in this action.

So far as here material, the pertinent provisions of the statutes respecting the distribution of the income-tax collections of the year 1949 are stated in sec. 71.14 (2), Stats. 1949, (formerly sec. 71.19 (1), Stats. 1939 to 1945) which reads:

"Annually, beginning July 1, out of the normal income-tax collections of the preceding fiscal year, there shall be set aside the amount of the appropriation made by section 20.09 (4)

for the current fiscal year, and the amount of that portion of the appropriation made by section 20.25 for the current fiscal year which is chargeable to the normal income tax. The aggregate of the aforesaid amounts shall be borne by the state, the counties, and the towns, cities, and villages in the proportion that the net normal income-tax collections for the preceding fiscal year are allocated to the state and to each such political subdivision pursuant to the provisions of this section. The remainder of the net normal income-tax collections shall be apportioned as follows, to wit: Forty per cent to the state, ten per cent to the county, and the balance to the town, city, or village from which the income was derived as provided in section 71.14 (6), . . ."

The provisions in said secs. 71.14 (2), 20.09 (4), and 20.25 (3) (relating to public-school aid), Stats. 1949, are clear and unambiguous. They specifically provide what amounts of the moneys collected for normal income taxes shall be set aside first for the payment to the state of the appropriation made by sec. 20.09 (4), viz.: On July 1, 1949, $682,900; and annually beginning July 1, 1950, $745,500 to be used exclusively for salaries and necessary expenses in administering the state Income Tax Law as provided in ch. 71; and the appropriation by sec. 20.25 (3), Stats. 1949, for public-school aid. And sec. 71.14 (2), Stats. 1949, provides that after setting aside the appropriations made by said secs. 20.09 (4) and 20.25, the aggregate of the aforesaid amounts shall be borne by the state, the counties, and the towns, cities, and villages in the proportions as stated in sub. (2) of sec. 71.14, and that the remainder of the net normal income-tax collections shall be apportioned as provided in sec. 71.14, Stats. 1947 and 1949.

On the trial it was stipulated that since 1939 and during the time the defendant Wegner was charged with the responsibilities for making certifications distributing revenue pursuant to sec. 71.14, Stats., he did not deduct from distributions of normal income-tax collections prior to their apportionment to the plaintiffs and other governmental units,

appropriations other than the specific appropriation under sec. 20.09 (4), Stats., referred to in sec. 71.14 (2), Stats., except on two occasions in 1940 and 1946 when different amounts were deducted.

The trial court found that prior to August 23, 1949, none of the defendants "deducted from distributions of normal taxes prior to their apportionment to the plaintiffs and other governmental units appropriations other than the specific appropriation set forth under sec. 20.09 (4), Stats., referred to in sec. 71.14 (2), Stats., except on two occasions, in 1940 and 1946, when through error different amounts were deducted, . . ." And that Wegner and Giessel adopted a construction of sec. 71.14, Stats., "whereby before distributing the proportionate amount of income taxes to the plaintiff and other governmental units there shall be deducted not only the amount of the appropriation provided for by sec. 20.09 (4), but also other appropriations" which, under sec. 20.07, Stats., are to be paid from the general fund annually for purposes stated in secs. 20.07 (16), 20.74 (1), ch. 5, Laws of 1949, and ch. 21, Laws of 1949. And the court concluded that under sec. 71.14, Stats., as amended by ch. 180, Laws of 1949, and sec. 20.09 (4), Stats., there is to be first set aside and deducted out of the moneys collected for normal income taxes only the amount of the appropriation specified in sec. 20.09 (4) and that portion of the appropriation made by sec. 20.25 (3), Stats., for public-school aid, which is chargeable to the normal income tax, all as set forth in sec. 71.14 (2), Stats., and that after such specific appropriation provided for in sec. 20.09 (4) is deducted there shall be a *pro rata* distribution by defendants as provided for by sec. 71.14, Stats. The court's findings and conclusions in those respects were warranted by the evidence, and in view of the statutes above there must be sustained the judgment which provides "that under sec. 71.19, Stats., as it provided since 1939 (later renumbered sec. 71.14, Stats.), and under

its counterpart, sec. 71.14, and . . . as amended by ch. 180, Laws of 1949 (and sec. 20.09 (4), Stats.), there is to be first set aside and deducted only the specific amount of the appropriation, and no more is authorized under the provisions of sec. 20.09 (4) and sec. 71.14, Stats., except that portion of the appropriation made by" sec. 20.25 (3), Stats., (for public-school aid) "for the current fiscal year which is chargeable to the normal income tax all as set forth in sec. 71.14 (2), Stats.; that after such specific appropriation provided for in sec. 20.09 (4) is deducted there shall be a *pro rata* distribution by the defendants as provided for by sec. 71.14, Stats., and that *no other appropriation, except for the amount of the appropriation expressly specified in sec. 20.09 (4) and that part of the appropriation made by" sec. 20.25 (3), Stats., "for the current fiscal year which is chargeable to the normal income tax all as set forth in sec. 71.14 (2), Stats., shall be deducted prior to making the distribution provided for in sec. 71.14, Stats.;* that the ruling or construction herein expressed applies with equal force and effect to the applicable Wisconsin statutes since 1939."

*By the Court.*—Judgment affirmed.