STATE, Respondent, v. FISCHER, Appellant.*

*May 4—June 5, 1962.*

* Motion for rehearing denied, without costs, on October 2, 1962, WILKIE, J., taking no part.

142

For the appellant there was a brief and oral argument by *Charles G. Giles* of Medford.

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, and *Patrick L. Crooks,* district attorney of Marathon county, with whom on the brief was *John W. Reynolds,* attorney general.

CURRIE, J.   Sec. 348.15 (2) (b), Stats., under which defendant was convicted, provides as follows:

". . . no person, without permit therefor, shall operate on a Class 'A' highway any vehicle or combination of vehicles which does not comply with the following weight limitations:

"(b) The gross weight imposed on the highway by the wheels of any one axle shall not exceed 18,000 pounds."

Defendant admits to having operated his truck in violation of this provision, but contends that his act was authorized by sec. 348.175, Stats. This statute provides an exception to the weight restrictions imposed by sec. 348.15 under the following conditions:

"The transportation of peeled or unpeeled forest products cut crosswise shall not be restricted because of gross-weight limitations during the winter months when the highways are so frozen that no damage may result thereto by reason of such transportation. If at any time any person is so transporting such products upon a Class 'A' highway in such frozen con-

dition then he may likewise use a Class 'B' highway without other limitation, except that chains and other traction devices are prohibited on Class 'A' highways but such chains and devices may be used in cases of necessity. The officers or agencies in charge of maintenance of highways, upon *determination* of such frozen condition and freedom of damage to such highways by transportation, forthwith shall grant such *operating right*. Any person transporting any such product over any highway of this state under this section is liable to the state for any damage caused to such highway." (Italics supplied.)

The issue presented by this appeal is whether, under the provisions of this statute, the highway commission has the power to require that every hauler of peeled or unpeeled forest products cut crosswise, in order to be entitled to exceed the statutory gross-weight limitations during winter months, must separately and individually apply for and receive an operating right from the commission. If the commission has this power, then the judgment below must be affirmed. This is because defendant concedes that he had neither applied for nor received an individual permit to haul peeled forest products cut crosswise.

In order to come within the purview of the exception contained in sec. 348.175, Stats., two events must have occurred: (1) A proper *determination* as to the frozen condition of the highway must have been made; and (2) an *operating right* must have been granted. Defendant concedes these two requirements but contends that the statute does not require application for and issuance of individual permits to operate. Rather, it is defendant's contention that the statute contemplates that the proper highway authority is to make one general determination each year that a particular highway has become so frozen that no damage thereto will occur if overweight vehicles are operated over it.

The state highway commission has interpreted sec. 348.175, Stats., as requiring that this determination not be made generally, but that it be exercised with respect to individual applications for operating rights to operate under the statute. Ch. Hy 32, 2 Wis. Adm. Code, sets forth the present rules of the commission for carrying out the provisions of sec. 348.175, Stats. Code sec. Hy 32.02 (1) authorizes the commission's district engineer to "issue, suspend, reinstate, and revoke operating rights for transporting peeled or unpeeled forest products cut crosswise upon state trunk highways when he determines that the frozen condition or absence of frozen condition of the highway warrant such action." Sec. Hy 32.03 provides that individual applications for an operating right shall be made to the district engineer.

Under this administrative interpretation of sec. 348.175, Stats., the words "operating rights" are construed to be synonymous with individual permits. The present ch. Hy 32, 2 Wis. Adm. Code, except for a minor amendment not relevant here, was adopted November 23, 1955, and included in the code as of January 2, 1956. However, the commission's records, of which we take judicial notice, disclose that the commission's practice of issuing individual permits extends back at least to 1950. Originally these permits were issued out of the Madison office of the commission, but in 1953 the commission delegated this power to its district offices.

Defendant maintains that the commission exceeded its powers in adopting the requirement of individual permits, set forth in ch. Hy 32, 2 Wis. Adm. Code, for operation under sec. 348.175, Stats. However, we deem that sec. 348.175 is ambiguous with respect to whether the highway authorities are to grant operating rights, or permits, on an individual basis, or to operators of vehicles generally. The

practical interpretation of an ambiguous statute by the administrative agency charged with its enforcement is entitled to great weight. *Wisconsin Axle Division v. Industrial Comm.* (1953), 263 Wis. 529, 537b, 57 N. W. (2d) 696, 60 N. W. (2d) 383. Defendant contends that this principle should not be invoked where the legislature has indicated nonacquiescence in the administrative agency's interpretation. Stress is laid on the fact that, commencing with 1951, unsuccessful attempts were made in three different legislative sessions to amend sec. 85.54 (1), now sec. 348.175, so as to provide for a system of individual permits. However, the legislature's refusal to incorporate into this statute the provision authorizing the issuance of individual permits does not necessarily establish that the legislature did not sanction the commission's practical interpretation. This refusal could just as reasonably be interpreted as legislative acquiescence to let the problem be handled under the commission's rulemaking power.

There is a further rule of statutory interpretation which is pertinent to the instant controversy. This is the rule that absurd results are to be avoided if possible. *Wisconsin Valley Improvement Co. v. Public Service Comm.* (1960), 9 Wis. (2d) 606, 615, 101 N. W. (2d) 798; *State v. Surma* (1953), 263 Wis. 388, 394, 57 N. W. (2d) 370. Under defendant's interpretation of the statute, once the highway authorities made the determination on December 27, 1960, that the highway was frozen, any operator of a motor vehicle would then have the right, throughout the winter, to transport unpeeled forest products cut crosswise upon this highway regardless of maximum weight. Such an interpretation would require the commission to withhold its determination until the road was so frozen that even grossly overweight vehicles could travel it without damage, and to revoke its determination upon even a slight thaw.

This would severely restrict the usefulness of the statutory provision by denying use of the highway to all overweight vehicles when it is frozen solid enough for all but the heaviest ones.

It is a matter of common knowledge that temporary thaws occur during the winter, and that it is the frost in the top layer of soil which is first affected thereby. The thawing of the first few inches of the top layer might result in serious damage to the highway if a vehicle having axle weights well above the limit specified in sec. 348.15 (2) (b), Stats., was to be operated over the highway. However, by use of individual permits the commission can impose maximum-load limitations depending on the depth to which the highway is frozen. Under its present system, the commission retains control over the overweight users and the right to revoke any individual permit when weather conditions change so that there is danger of highway damage.

Therefore, defendant's interpretation would provide a severe and absurd limitation on the usefulness of the statutory provision. The commission's interpretation is much-more reasonable in light of the overall objective of weight regulation, to protect our highways, and in light of the statutory purpose of sec. 348.175, to permit use by overweight vehicles when no damage will occur.

It is our conclusion that the commission's rules embodied in ch. Hy 32, 2 Wis. Adm. Code, are within its powers and constitute a reasonable interpretation of sec. 348.175, Stats.

*By the Court.*—Judgment affirmed.