CITY OF RACINE, Appellant, v. MORGAN, Commissioner of Department of Taxation, and others, Respondents.

*No. 225. Argued May 7, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 129.)

For the appellant there were briefs by *Michael, Best & Friedrich,* attorneys, and *John S. Best* and *Frank J. Pelisek* of counsel, all of Milwaukee, and oral argument by *Mr. Pelisek.*

For the respondents James R. Morgan and George C. Kaiser the cause was argued by *David G. McMillan,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent town of Mt. Pleasant there was a brief by *Quarles, Herriott, Clemons, Teschner & Noelke* of Milwaukee, and *Benson, Butchart & Haley* of Racine, attorneys, and *James Urdan* and *Laurence C. Hammond, Jr.,* of Milwaukee, and *Emery Benson* of Racine of counsel, and oral argument by *Mr. Urdan.*

BEILFUSS, J.   Five issues are presented:

(1) Is the method to be followed in apportioning the distributable tax receipts under sec. 71.14, Stats., the "arithmetical" average method, or the "weighted" average method?

(2) Does the fact that the department has applied the arithmetical method in prior years constitute an administrative rule of long standing that is binding on the department?

(3) Should the department be allowed to apply the arithmetical method in some situations and the weighted average in others?

(4) Is the department correctly apportioning the tax receipts from the income on the sec. 71.07 (1), Stats., property of the Johnson Company?

(5) Does the court have jurisdiction of the subject matter of the instant case?

The following are the statutory provisions which are the subject of the dispute:

"71.07 **Situs of income; allocation and apportionment.** (1) For the purposes of taxation income or loss from business, not requiring apportionment under sub. (2), (3) or (5), shall follow the situs of the business from which derived. Income or loss derived from rentals and royalties from real estate or tangible personal property, or from the operation of any farm, mine or quarry, or from the sale of real property or tangible personal property shall follow the situs of the property from which derived. Corporation income from personal services performed by employes of corporations shall be deemed business income and shall follow the situs of the business. . . . All other income or loss, including royalties from patents, income or loss derived from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in s. 71.07 (7). For the purposes of taxation, interest received on state and federal tax refunds when the tax refunded was on business income or property shall be deemed income from business and shall follow the situs of the business from which derived.

"(2) Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state. The amount of such income attributable to Wisconsin may be determined by an allocation and separate accounting thereof, when the business of such person within the state is not an integral part of a unitary business, provided, however, that the department of taxation may permit an allocation and separate accounting in any case in which it is satisfied that the use of such method will properly reflect the income taxable by this state. In all cases in which allocation and separate accounting is not permissible, the determination shall be made in the following manner: There shall first be deducted from the total net income of the taxpayer such part thereof (less related expenses, if any) as follows the situs of the property or the residence of the recipient; provided, that in the case of income which follows the residence of the recipient, the amount of interest and dividends deductible under this provision shall be limited to the total interest

and dividends received which are in excess of the total interest (or related expenses, if any) paid and allowable as a deduction under section 71.04 during the income year. The remaining net income shall be apportioned to Wisconsin on the basis of the ratio obtained by taking the arithmetical average of the following 3 ratios:

"(a) The ratio of the tangible property, real, personal and mixed, owned and used by the taxpayer in Wisconsin in connection with his trade or business during the income year to the total of such property of the taxpayer owned and used by him in connection with his trade or business everywhere. . . .

"(b) In the case of persons engaged in manufacturing or in any form of collecting, assembling or processing goods and materials, the ratio of the total cost of manufacturing, collecting, assembling or processing within this state to the total cost of manufacturing, or assembling or processing everywhere. . . .

"(c) In the case of trading, mercantile or manufacturing concerns the ratio of the total sales made through or by offices, agencies or branches located in Wisconsin during the income year to the total net sales made everywhere during said income year."

"71.14 **Distribution of revenue.** . . .

"(2a) (b) 3. . . . The portion of such taxes attributable to each town, village and city shall be determined on the basis of situs of the income producing such taxes, as set forth in s. 71.07. . . ."

The appellant's position essentially is that the method initially applied in the allocation of revenues is the correct method and the only method which may be used pursuant to the above quoted statutes. The method pays no regard to the out-of-state operations of the company when considering the apportionment. It gives equal weight to each of the three factors (property, cost of manufacturing and sales) without proportioning these items according to their relative importance in the total company operation both in-state and out-of-state. Since the tax paid by the Johnson Company is computed on the basis of the proportion of its Wisconsin involvement compared to its total involvement everywhere, the apportionment method

advocated by the appellant disregards the relative significance of each factor in producing the tax revenues.

The alternative "weighed average" method advocated by the defendants and the trial court does apportion the receipts on what might be said to be a more "equitable" basis in that it returns the revenues to the municipality in a far more accurate proportion to how and where they were earned.

The appellant's argument fails to take into account the words of sec. 71.14 (2a) (b) 3, Stats. The phrase "situs of the income producing such taxes" must be given some meaning. The only meaning which can be ascribed to these words is that the department is to return the distributable portion of the tax receipts to the municipality from which it came. To execute this directive, the weighted average method is the better method to be used when distributing receipts from entities doing business both within and without this state.

It is our conclusion the legislature did not intend apportionment on the arithmetical basis. The confusion stems from the fact that in calculating the tax an arithmetical formula is used. That formula, however, is intended to present a practical method for Wisconsin to receive its fair share of the income of businesses doing business both in and out of the state. There is no attempt to weigh the factors in calculating the tax because such a calculation would not give a meaningful result. Attempting to determine what portion of each company's income was attributable to its property, what percent attributable to its manufacturing operations, and what percent attributable to its sales would not only be a horrendous task, but would also ignore the concept of a business as a going concern. The three-factor formula represents a legislative decision and a legislative finding of fact that each of the items is equally significant in producing a company's income. When considering apportioning tax receipts, however, giving equal weight to each of the three factors does not recognize that the tax

received is dependent on the overall operation of the company, both in-state and out-of-state. The volume of Wisconsin sales of a large national concern which has its factories in Wisconsin should not be determinative of the apportionment of one-third of the tax revenues from the company. Such a construction entirely ignores the legislature's policy decision that the three factors are of equal weight. (Johnson's Wisconsin sales were only four percent of the total sales.) If the three factors are of equal weight in calculating the tax, they must, to be consistent, be weighted when the tax is apportioned among the municipalities.

Appellant cites the case of *Department of Taxation v. Blatz Brewing Co.* (1961), 12 Wis. 2d 615, 108 N. W. 2d 319. The case is in no way helpful to the appellant in the instant situation. As the trial court in this case pointed out, the *Blatz Brewing Case* involved the apportionment of income between the state and other states for purposes of taxation. It was not involved with the allocation of tax revenues within the state of Wisconsin. As already noted, the same considerations do not prevail when considering taxation as do when determining allocation of the revenues received from the tax.

Neither does the case of *State ex rel. Greenfield v. Conway* (1936), 221 Wis. 369, 266 N. W. 907, aid the appellant's position. In that case the Sivyer Company had property located in two different municipalities. The company failed to report the necessary information and consequently the revenues from the company were not correctly apportioned between the two municipalities involved. In reapportioning the revenues, the department used the arithmetical average method of calculation. The statutory directive was:

" '. . . The income so computed . . . shall be apportioned . . . to the several towns, cities and villages in proportion to the respective amounts of income derived from each, . . .' " *State ex rel. Greenfield v. Conway, supra,* at page 371.

It was asserted that the arithmetical formula did not apportion the income "in proportion to the respective amounts of income derived from each" municipality. The court held that the method used was the correct method.

The *Greenfield Case* does not present an analogous situation. The court in *Greenfield* was not concerned with the multi-state business but only concerned with a wholly in-state business concern. The entire sales, cost of manufacture, and property were attributable to either one or the other municipality. There was no need nor way to "weight" the factors. When the business concern is solely within the state, the arithmetical method of apportioning the revenues among the municipalities is the correct method. It returns the receipts proportionally to the municipality responsible for producing the income taxed. To do the same where the business concern operates both within and without Wisconsin, the weighted formula should be used.

The appellant contends that the department's use of the arithmetical method of apportionment through the years constitutes an administrative construction of long standing and consequently should be deemed controlling. The appellant cites *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. 2d 249, 88 N. W. 2d 352, 89 N. W. 2d 825, and *State v. Fischer* (1962), 17 Wis. 2d 141, 115 N. W. 2d 553.

In *Frankenthal, supra,* at page 255, this court said:

"This is exactly the situation where practical interpretation over a long period by the agency charged with administering an act or statute should be deemed controlling. For nearly twenty-seven years the board interpreted ch. 136, Stats., as not requiring that each inactive partner of a licensed partnership be licensed. During all of such period the legislature apparently acquiesced in such practical interpretation by the agency, and made no change in the wording of sec. 136.07 (2), Stats. We adopt such practical interpretation upon the authority of *Dunphy Boat Corp. v. Wisconsin E. R. Board* (1954), 267

Wis. 316, 326, 64 N. W. (2d) 866, and the other cases cited therein."

And in *Fischer, supra,* at pages 145, 146, this court said:

"The practical interpretation of an ambiguous statute by the administrative agency charged with its enforcement is entitled to great weight."

The first problem with this position in the instant case is that the department has not consistently interpreted the statute. As far back as 1957 the department began changing its method of calculation when it recomputed the apportionment of the U. S. Rubber Company receipts for 1951 through 1955. Second, we do not have complete legislative silence on the matter. The language "on the basis of situs of the income producing such taxes, as set forth in s. 71.07" was not added to the statutes until 1961. (Ch. 620, Laws of 1961.) Prior to this time the apportionment provision read:

". . . in the manner provided in sec. 71.07, to the several towns, cities and villages in proportion to the respective amounts of income derived from each . . . ." Sec. 71.14 (6), Stats. 1959.

The change in language did not change the law. It is equally as clear what the legislature intended either way the statute reads. The method of apportionment used is to return the allocable share of the proceeds of the tax to the municipality responsible for producing it. What is important about the change, however, insofar as the appellant's argument that the prior administrative interpretation must be controlling, is the fact that the legislature passed the new version after the department had begun correcting the method of apportionment. This fact should be given as much weight as the appellant's argument that the legislature has acquiesced in the longstanding interpretation of the statutes placed on it by the department.

In view of the foregoing, the case of *Fribourg Navigation Co. v. Commissioner* (1966), 383 U. S. 272, 86 Sup. Ct. 862, 15 L. Ed. 2d 751, cited by appellant, is also inapplicable. In that case the supreme court held the commissioner of internal revenue could not alter a position he had followed for years without legislative interference.

Even if there were a "long-standing" administrative interpretation of the statute it could not properly be given any weight as the statute is unambiguous. The department's initial arithmetical method of determining apportionment of revenues is an incorrect method under the statute. Consequently, the department was and is duty bound to change to the proper method.

" 'A rule out of harmony with the statute is a mere nullity.' *Manhattan General Equipment Co. v. Commissioner*, 297 U. S. 129, 134, 56 Sup. Ct. 397, 80 L. Ed. 528. Citing *Lynch v. Tilden Product Co.* 265 U. S. 315, 44 Sup. Ct. 488, 68 L. Ed. 1034; see also *Kelso & Co. v. Ellis*, 224 N. Y. 528, 121 N. E. 364. Further, in *State ex rel. Raymer v. Cunningham*, 82 Wis. 39, 50, 51 N. W. 1133, it is said that a customary violation of the plain language of the law gives no authority for continuing such violation. See also *Smith v. State*, 161 Wis. 588, 155 N. W. 109." *Plain v. Harder* (1955), 268 Wis. 507, 511, 512, 68 N. W. 2d 47.

The statute is plain that the revenues should be returned to the municipality which produced them. The weighted formula accomplishes this purpose with more accuracy than the arithmetic average.

The appellant complains that the department is not applying the weighted method with uniformity. The stipulation of facts reveals the department is not acting uniformly in distributing the tax revenues. Exhibit J, which is part of the stipulation entered into by the parties, is a statement by the department of taxation setting forth its practice regarding allocations. Part of this statement follows:

"The Wisconsin Department of Taxation is not aware of any situation other than those described above wherein application of the formula described in paragraph 17 of the Stipulation will result in a significant difference in the allocation from that obtained by use of the formula described in paragraph 16 of the Stipulation among Wisconsin municipalities of the Wisconsin normal income taxes of any taxpayer. Further, due to the administrative burden which would result, the Department does not analyze each corporate return to determine whether other situations exist wherein a significant difference in apportionment would result from the use of the formula described in paragraph 17 of the Stipulation. However, it is the policy of the Department, where it is brought to the attention of the Department that conditions exist, relative to any taxpayer, as would permit the application of the formula described in paragraph 17, to allocate on the basis of such formula as to that taxpayer."

Since the statutes require application of the weighted average method rather than the arithmetic method, the department is required to apply this allocation method to all situations involving businesses operating both within and without Wisconsin. To do otherwise is a violation of law by the department which cannot be countenanced. The statute simply does not permit the department to apply the wrong method of allocation year after year until someone feels compelled to complain. The burden placed on the department in making the extra calculations is a matter of concern for the legislature.

The only time the department should be permitted to use the arithmetical method is when it is apportioning receipts derived from business with 100 percent of all three factors within Wisconsin; *i.e.*, business totally within the state. The arithmetical approach is required in that situation to return the distributable portion to the municipality responsible for producing it.

The respondent, town of Mt. Pleasant, by cross appeal has challenged the trial court's determination that the department correctly allocates the revenues from taxation

of "nonapportionable" income. The "nonapportionable" income is income from intangibles as provided in sec. 71.07 (1), Stats., which is taxed at "the residence of the recipient;" and, also, it is income derived from certain types of tangible property listed in sec. 71.07 (1) which is taxed "at the situs of the property from which derived."

The respondent contends the statute is silent on the subject of allocation of these revenues. It contends these revenues should be apportioned according to the same ratios as tax receipts from apportionable income.

The respondent's position cannot be adopted. Sec. 71.07 (1), Stats., requires income from intangible property ". . . shall follow the residence of the recipient, . . ." The section does not distinguish between individuals and corporate entities. The phrase, "residence of the recipient," can only be a reference to the home address. The "home" address of a corporation is the business address it reports.

Furthermore, the nonapportionable items are not included in the apportionment formula when computing allocable income. Sec. 71.07 (2), Stats., provides:

". . . There shall first be deducted from the total net income of the taxpayer such part thereof . . . as follows the situs of the property or the residence of the recipient; . . ."

Exclusion from the tax computation formula has bound the department, by virtue of sec. 71.14, Stats., to return the proceeds solely in accordance with sec. 71.07 (1), without reference to sec. 71.07 (2). This is precisely how the department has been distributing the tax. The department allocates the revenue on the basis of "residence" or "situs of the property" depending on whether the property is intangible or tangible.

There is no way to adopt the respondent's construction within the terms of the statutes. The department is and

has been bound by these terms. While the respondent's argument that the division of the receipts from the taxes on nonapportionable income via the formula would be more equitable is persuasive, if action is to be taken it must be by the legislature.

The respondent, town of Mt. Pleasant, challenges the jurisdiction of the court to consider the case. We find no merit in the respondent's argument. This is a declaratory judgment action brought against the departments of taxation and administration and against the department heads as individuals. The appellant contended that the statute governing the situation was being misconstrued and misapplied to its detriment. This is sufficient to establish jurisdiction for declaratory judgment. *Wisconsin Fertilizer Asso., Inc. v. Karns,* ante, p. 95, 158 N. W. 2d 294. *See also Milwaukee v. Wegner* (1951), 258 Wis. 285, 45 N. W. 2d 699.

*By the Court.*—Judgment affirmed.