JOHN R. MOSES, Secretary, Department of Veterans Affairs
You have requested my opinion as to whether your Department under sec. 45.352 (2) (b), Wis. Stats. (1969), may continue to make housing loans on the basis of certain predetermined standards as to need until such time as the housing loan fund is exhausted or whether you are required to institute progressively stringent need requirements in advance of the anticipated exhaustion of funds.
Section 45.352 (2) (b), Stats., provides in part:
"* * * If the department determines that the applications for loans exceed the funds available, the department shall give priority to the most necessitous cases and take all action necessary to spread the available funds among the maximum possible number of veterans."
Section 45.352 (2) (a), Stats. (1969), provides that such loans are available to any veteran who establishes his qualifications and right to such a loan under the section. The broad language of sec. 45.352 (2) (a), Stats., would seem to imply that such loans are available to veterans regardless of their financial resources or position, and this would seem to be especially true when one considers that the statutory standards set forth in sec. 45.352 (4), Stats. (1969), do not contain any criterion as to need.
It is a general principle of law that clear and unambiguous statutes are not subject to interpretation, and the language in such statutes must be given its ordinary and accepted meaning.City of West Allis v. Rainey (1967), 36 Wis.2d 489,153 N.W.2d 514.
Accordingly before one may engage in interpretation of a statute, it is necessary to determine whether the language is reasonably capable of different meanings.
In my opinion, the section is ambiguous for the previously discussed statutory language, as to the granting of loans, is subject to the condition set forth in sec. 45.352 (2) (a), Stats., which *Page 68 
requires the department to give "due regard to the conditions and requirements of the applicant." This language could reasonably be construed to include the financial condition or needs of the applicant. Then too, the phrase "most necessitous cases" as contained in sec. 45.352 (2) (b), Stats. (1969), would seem to imply a condition of need in all cases and when applications exceed funds, comparative need is to be the standard. If the section were to be interpreted without regard to need in the making of loans, then the term "most" would be redundant. Statutes are to be construed so as to give force and effect to every word if at all possible, Garfield v. United States (1969),297 F. Supp. 891.
It is my understanding that for a considerable period the department has in its administration of sec. 45.352, Stats. (1969), given consideration to the financial situation or need of the applicant. Administrative interpretation is entitled to great weight, State v. Fischer (1962), 17 Wis.2d 141.
You now ask whether it is necessary under the law to anticipate exhaustion of the loan fund and to apply the standard of "most necessitous cases" prior to the time when applications exceed the fund. From a practical view it is possible to anticipate exhaustion of the loan fund. It would, however, seem to me to be impossible to anticipate the "most necessitous cases."
The preceding discussion expressed the opinion that it was proper to consider the financial status or needs of the applicant in the administration of the loan fund. This opinion is consistent with the express language of sec. 45.352 (2) (b), Stats. (1969), which requires consideration of the "most necessitous cases" only when applications exceed the fund.
Under subsection (3) applications are made to the department. The language of subsection (2) (b) is express and to the point in providing that when applications exceed the loan fund consideration is to be given to the "most necessitous cases." If the legislature had intended the department act in anticipation of a shortage, it would not have limited consideration of the "most necessitous cases" to that point in time when applications on hand exceed available funds. *Page 69 
In 40 OAG 302 reference was made to the administration of sec. 45.352 (2) (b), Stats. The issue discussed was not the identical question presently under consideration.
Notwithstanding the remarks in 40 OAG 302 it is my opinion under sec. 45.352, Stats., the housing loan must be administered on the basis of fixed standards of need until such time as applications actually on hand exceed the funds available. The department has the responsibility to determine when applications actually exceed the fund. When this determination is made by the department, the department is obligated by sec. 45.352 (2) (b), Stats. (1969), to compare the respective needs of the applicants and to administer the fund on the basis of the "most necessitous cases."
RWW:CAB