LEIBOWITZ, Appellant, vs. LEIBOWITZ and another, Respondents.

*March 13—April 14, 1944.*

For the appellant the cause was submitted on the brief of *Charles Swidler,* attorney, and *Harry Primakow* of counsel, both of Milwaukee.

For the respondents there was a brief by *Eugene J. Sullivan* and *Royal M. Galvin,* both of Milwaukee, and oral argument by *Mr. Galvin.*

ROSENBERRY, C. J. From the record in this case it appears that this action was begun on May 24, 1943, by the service of a summons and complaint. Demurrer by each of the defendants was served on July 6, 1943. On August 19, 1943, an order was entered sustaining the demurrers with leave to the plaintiff to plead over within ten days. An amended complaint was served on August 18, 1943. The defendants each demurred to the amended complaint on two grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that several causes of action have been improperly united.

On November 30, 1943, an order was entered overruling the demurrer of Leo Leibowitz with leave to answer. On the same day an order was entered sustaining the demurrer of the defendant Philip Leibowitz upon the ground of insufficiency of the complaint. The plaintiff was given permission to plead over but subject to the condition that she tender a pleading sufficient to withstand demurrer. The plaintiff elected to stand upon the complaint and on December 3, 1943, judgment was entered against the plaintiff dismissing the plaintiff's complaint as to Philip Leibowitz. Notice of entry of judgment was served on December 4, 1943.

The plaintiff appealed on December 7, 1943, "from that part of the order made and entered in this action by said court on the 30th day of November, 1943, a copy of which order is hereto annexed, which orders that the separate demurrer of

220 220 220

the defendant, Philip Leibowitz, upon the ground of insufficiency of the amended complaint of the plaintiff, be sustained.
. . ."

No appeal was taken from the judgment.

By sec. 274.34, Stats., upon an appeal from a judgment, the supreme court may review an intermediate order which involves the merits and necessarily affects the judgment. If the plaintiff had appealed from the judgment the order of November 30, 1943, could have been reviewed. However, a separate appeal from an interlocutory order does not lie after final judgment. *Drake v. Scheunemann* (1899), 103 Wis. 458, 79 N. W. 749. As early as 1875, it was held that under the provisions of what is now sec. 274.34, the right of appeal from interlocutory orders ceases upon final judgment. *Am. Button-Hole, O. & S. M. Co. v. Gurnee* (1875), 38 Wis. 533.

*By the Court.*—Appeal dismissed.