Central Urban Company, Respondent, vs. City of Milwaukee, Appellant.

*September 12—October 10, 1944.*

526

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

*George H. Gabel* of Milwaukee, for the respondent.

BARLOW, J.     Counsel on both sides agree that the question on this appeal is whether an appeal of the company from the assessment of benefits against its land for the widening of Kilbourn avenue under ch. 275, Laws of 1931, as amended, should be dismissed because of its failure to appear and object before and to the board of assessment during the period for review and correction under sec. 9 (6), the company having appeared before said board during the hearing under sec. 9 (3), at which time it introduced testimony to show that no assessment should be made for claimed want of benefits to its property.

The material parts of the sections in question provide as follows:

Sec. 9 (3): *"Hearing on assessment; assessment.* At the time and place stated in said notice and at any time and place to which the said board may adjourn said hearing said board shall hear such testimony on the damages and the benefits resulting from said proposed improvement as may be offered by any person interested, which testimony may, in

the discretion of said board, be taken down by a stenographer and written out. . . . Thereafter said board shall make its appraisal of the damages or compensation to be awarded for the property proposed to be taken for or that may be injured by the proposed improvement. Having ascertained the damages to the property taken or injured and the estimated expense of the proposed improvement and also the cost of the proceedings, the said board shall proceed to apportion and assess the said damages or such portion thereof as it shall determine to be chargeable to the property benefited, together with the whole or any part of the expense of the proposed improvement or cost of the proceedings, upon the property by it deemed benefited, in proportion to the benefits resulting thereto from the proposed improvement, as nearly as may be, and shall describe the property upon which said assessment is made."

Sec. 9 (6) : *"Review of assessment; report.* At the place and during the time specified in said notice the said board shall hear any and all persons interested in the property assessed who wish to view and inspect said assessment or object to the same or ask for a review and correction of the same and hear any testimony or evidence which may be offered by said persons on said subject. Thereafter the said board may review, modify and correct its assessment in such manner as it shall deem just at any time during such hearing or thereafter before reporting the same to the common council. Thereupon it shall be the duty of said board to report said assessment in writing, signed and certified to by it, to the common council."

Appellant relies on the statement made by this court in *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 392, 8 N. W. (2d) 372, 8 N. W. (2d) 865, wherein this court said:

"Where a property owner has an opportunity given him, in proceedings for the making of a public improvement and the levying of an assessment therefor, to appear and contest the assessment before authorities whose duty it is to pass upon objections to assessments, the determination of the authorities is final and if the property owner fails to avail him-

self of the opportunity provided he thereby admits the finality of the determination and is estopped to raise the question in subsequent proceedings. This rule applies where the assessment is in excess of the benefits, where there is a dis- proportionate assessment, where it is claimed there is no benefit, where the assessment is without regard to benefit, and in some other instances not material here."

The assessment of benefits was made August 22, 1940, which was the date when the board completed its assessment of damages and benefits, and the city now contends that, no assessment of benefits having been made prior to August 22, 1940, the property owner must appear and object to the assessment made during the hearings provided for in sec. 9 (6), ch. 275, Laws of 1931, and that the appearance and objection during the hearing under sec. 9 (3), ch. 275, Laws of 1931, are not sufficient to preserve the right to appeal under the language used in *Lamasco Realty Co. v. Milwaukee, supra.* We are unable to agree. It is true that under sec. 9 (6), at the place and during the time specified in the notice, the board of assessment must hear any and all persons interested in the property assessed who wish to object to the same or ask for a review and correction thereof, and hear testimony which may be offered by said persons on said subject, but we fail to find anywhere in said section, or elsewhere in the law, a requirement that the property owner must make specific objection under sec. 9 (6) after the assessment has been made. There is nothing in this section, nor in any other provision of ch. 275, Laws of 1931, requiring an appearance or objection before the board of assessment in express terms as a condition precedent to an appeal to the circuit court. What this court said in the *Lamasco Case, supra,* was that as a matter of law, where a property owner is given an opportunity in a proceeding for the making of a public improvement and the levying of an assessment therefor, he must appear and contest the assessment before authorities whose duty it is to pass upon

objections to assessments if he desires to preserve his right to appeal. Under ch. 275, Laws of 1931 the property owner is given an opportunity to appear and contest the assessment, and it is by virtue of this fact that the rule of law applies. See *Lamasco Realty Co. v. Milwaukee, supra,* at page 393. The value of the board of assessment would be comparatively nullified unless at some time during the proceeding all the facts essential to determine the benefits which a piece of property will receive from the particular improvement are presented to it. The board is charged with the duty of assessing the benefits and damages to each specific piece of property affected by the improvement. The facts may well be different as to different properties, and if proper assessments are to be made by the board the more facts they have before making the assessments the better the result should be. That many property owners appeared and objected to assessments at the hearing under sec. 9 (3) is very evident from the fact that these hearings covered a period of four hundred thirty-six days and over three thousand three hundred pages of testimony were taken, where hearings for review and correction under sec. 9 (6) were completed in eleven days.

The purpose of these hearings is to give the property owner and the city an opportunity to present facts which they consider material in arriving at the assessment, and as a result of the hearings the board should be familiar with the claims of all parties who have appeared. To require a second appearance under sec. 9 (6) where the property owner appeared and properly objected at a hearing under sec. 9 (3) would require making a duplicate of a record already made, which could serve no useful purpose. As this court said in the *Lamasco Case, supra,* on page 396:

"The purpose of the objections and the hearing thereon is to advise the board as precisely as may be of any claimed defect in the assessment, such as that it is not proportional or greater than the benefits so as to give the board a fair opportunity to correct the assessment if it is erroneous."

This may be done at either hearing.

The learned trial judge has ably summarized our conclusion as follows:

"It is to be noted that the court does not hold [referring to *Lamasco Realty Co. v. Milwaukee, supra*] that the property owner is barred from prosecuting his appeal if he fails to object at the hearing held under sec. 9 (6) for 'review and correction.' It seems to me to be clearly ruled, pp. 391–393, 397, that objections which meet the tests above set forth may be made before the board at either the hearing held under sec. 9 (3) or sec. 9 (6). The principal hearing, in fact, was that held under sec. 9 (3), which continued, with adjournments, during the period between April 10, 1939, and June 20, 1940. The hearing held under sec. 9 (3) was upon the entire plan for the improvement previously prepared by the board and approved by the council, and which showed 'maximum and minimum benefit assessments per front foot' to representative parcels in the various zones. The sufficiency of objection made upon the hearing held under sec. 9 (3) is apparent from the language of the court on page 391 of the *Lamasco Case*."

It is considered that where a property owner appears and properly objects to the levying of an assessment of benefits or damages for the making of a public improvement at a hearing held under either sec. 9 (3) or sec. 9 (6), ch. 275, Laws of 1931, he may appeal to the circuit court from the final assessment.

The appeal will be limited to the subject matter contained in the objections made at the hearing. An objection on the ground of discrimination between the property in question and other like property would limit the appeal to this particular issue. Where an objection was properly made before the board of assessment that the assessment is greater than the benefits, the issue on appeal would be the benefits to the property assessed, and the question of discrimination could not be made an issue or raised on the appeal. It is not intended that there shall be a highly technical construction of the objections filed before the board. The fact that a property owner appears

and objects to the assessment on the ground that his property received no benefit does not prohibit him from appealing and trying out the question of the amount of benefit received. Where objections are properly made before the board of assessment an appeal may be taken on the subject matter of the objections presented to the board of assessment, as it is considered that the property owner shall have the right on appeal to have the issues tried that were presented to and considered by the board.

*By the Court.*—Order affirmed.