JAMES CONROY FAMILY COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*November 15—December 19, 1944.*

For the appellant the cause was submitted on the briefs of *Lines, Spooner & Quarles,* attorneys, and *Maxwell H. Herriott* of counsel, all of Milwaukee.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

FAIRCHILD, J. There is a very strong setting forth by appellant in its brief of results from the strictness of the rule which has been followed in the assessment cases under the Kline law (ch. 275, Laws of 1931). The plan, however, is not a new one and the idea has been present in enactments of the legislature for some time. In the case of *Teegarden v. Racine* (1883), 56 Wis. 545, 550, 14 N. W. 614, it is said: "But the charter clearly gave to persons interested the right to be heard before the common council upon objections to such assessment, and required the common council to decide upon

all objections raised, *and then gave* to any party feeling aggrieved by such assessment the right of appeal therefrom in the circuit court." This required the presenting of objections by the property owner and a determination upon such objection by the common council, to precede the appeal. As the law is written, interpreted, and acted on, there must be given to the municipality due notice in the proceedings of assessment if any objections are to be availed of on appeal against the assessment. The record in this case discloses no appearance or objection by the property owner which can be used to save for it any benefit based on its complaint, on an appeal or trial *de novo*. It was so found by the trial court and that finding is the only one that could be made. Therefore, this appeal is ruled by the doctrine recognized in the case of *Lamasco Realty Co. v. Milwaukee, supra.* And see *Central Urban Co. v. Milwaukee* (1944), 245 Wis. 525, 15 N. W. (2d) 855.

A property owner on appeal may not raise objections to the assessment if not presented timely to the board of assessments or common council.

"Where a property owner has an opportunity given him, in proceedings for the making of a public improvement and the levying of an assessment therefor, to appear and contest the assessment before authorities whose duty it is to pass upon objections to assessments, the determination of the authorities is final and if the property owner fails to avail himself of the opportunity provided he thereby admits the finality of the determination and is estopped to raise the question in subsequent proceedings." *Lamasco Realty Co. v. Milwaukee, supra,* p. 392.

This rule is consistent with the general principle that a person, desiring court review of an administrative proceeding, must first exhaust all the remedies which the administrative board provides, *Beck v. Missouri Valley Drainage District* (8th Cir. 1931), 46 Fed. (2d) 632, 84 A. L. R. 1089, and in accord with the great weight of authority that in assessment cases if the statute provides an opportunity for an appearance

and objection by property owners, an objecting owner must take advantage of such opportunity or be estopped from raising those questions on an appeal.     See annotation in 9 A. L. R. 634, 662; 48 Am. Jur. pp. 780, 781, secs. 290, 291.

The appellant also contends that the affidavits presented on the motion for summary judgment reveal that sufficient appearance was made and that the court erred in entering its summary judgment.

The facts as they appear from the affidavits are undisputed. They show that appellant is the owner of certain property which the board of assessments determined was benefited by the Kilbourn avenue project; that on April 10, 1939, pursuant to proper notice, the board of assessments met in compliance with sec. 9 (3), ch. 275, Laws of 1931, to hear such testimony as any interested person might desire to offer as to the benefit and damages resulting from the proposed improvement; that the board adjourned from time to time until its meetings were finally closed on June 20, 1940.    The appellant made no appearance before the board during that time.    On February 8, 1940, an attorney appeared at the meeting but no testimony was offered nor objection stated.    It further appears that on August 22, 1940, the board completed its assessment of damages and benefits and thereafter, and after published notice, hearings were held from September 8, 1940, to September 16, 1940, under sec. 9 (6), ch. 275, Laws of 1931, in order that all who desired could view and inspect said assessments or be heard as to any objections or requested revisions or corrections.    On October 7, 1940, the board made its report on benefits and damages to the common council.    During said hearings for review and correction, no appearance was made by appellant nor was objection made.    The only appearances before the board by the appellant were on two occasions prior to the commencement of any formal hearings by the board.

However, it does appear that on February 5, 1940, during the hearings under sec. 9 (3), ch. 275, Laws of 1931, Mr. Clemons, as representative of the Benefit Assessment Council,

an organization formed by a group of property owners for the purpose of opposing the assessment of benefits against said properties did appear, and Mr. Harry Saudek, a witness for said organization was present, and presented testimony in support of objections to assessments against various properties, and that from time to time thereafter appearances were made and testimony given in behalf of that group. It also appears that on or about March 15, 1940, appellant became a member of the Benefit Assessment Council. This organization had prepared a map on which were designated the properties on behalf of which Mr. Clemons and Mr. Saudek were appearing. The affidavits show that, although the map in the possession of the Benefit Assessment Council designated clearly the Conroy property as included within the class of properties, the assessment of which the "council" was opposing, the map which was given to respondent to be received in evidence by the board of assessments did not designate appellant's property as included in the group's membership. Further, it appears that no list of members of the council nor any agreements of membership were ever presented to the board; that from time to time written appearances for certain interested owners were filed and that the board's only way of ascertaining the property owners who were making objections, was by reference either to said written objections or to the designations on the map.

Appellant's appearances before the formal hearings were commenced cannot be considered as constituting appearance and objection under the statute. To allow any informal protest to the board when not in session under secs. 9 (3) and 9 (6), ch. 275, Laws of 1931, would impair, if not eliminate the rule recognized in the *Lamasco Case, supra*. Informal protests or objections, made at a time when the board is not meeting for such purpose, are ineffective.

Objections made by the Benefit Assessment Council of which appellant was concededly a member cannot be construed

as sufficient objection by appellant. Although his intent to make objection may be said to be apparent now, it is of no effect because not communicated to the assessment board. The purpose of the requirement is not to apprise the board of the nature of general objections to the assessment of property but to advise the board that a particular property owner intends to assert such objections based upon the effect that the improvement will have upon his particular property. No doubt an assessment board may be aware of possible dissatisfaction with its assessments, but that of itself does not obviate the necessity for a property owner, in the protection of his rights, from appearing and stating his objections.

*By the Court.*—Judgment affirmed.