S. D. Realty Company, Respondent, v. City of Milwaukee, Appellant.

*December 3, 1959—January 5, 1960.*

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

For the respondent there was a brief by *Fairchild, Foley & Sammond* and *Thomas B. Fifield* and *John R. Collins,* all of Milwaukee, and oral argument by *Mr. Fifield.*

BROWN, J. The city of Milwaukee is a city of the first class. By ch. 275, Laws of 1931, and amendments thereto, such cities are empowered to acquire property for various specified public improvements, to construct such improvements, and to finance them by special benefit assessments upon property benefited. The chapter dictates the procedure to be followed by the city in carrying out programs for such benefits and financing them. The statute is commonly known as the "Kline Law."

The city of Milwaukee availed itself of the power so granted by the statute and enacted a charter ordinance which repeated the statutory provisions. The city now originates and carries out public improvements in purported compliance with its ordinance and ch. 275, Laws of 1931, as amended.

The opinion will refer to the section numbers of the ordinance rather than to the corresponding numbers of ch. 275, Laws of 1931.

The questions presented to the court arise out of a public improvement for the opening, widening, and extending of West Lakefield drive from its original terminus to West Morgan avenue, crossing the southeasterly branch of the Kinnickinnic river. This extension involved the property of the plaintiff, which owns a shopping center known as Southgate, located at 3333 South Twenty-Seventh street. This shopping center actually fronts on South Twenty-Seventh street, but to the west thereof lies a large residential area which gained access to the shopping center via the extension of West Lakefield drive.

This improvement is one which ch. 275, Laws of 1931, authorizes the city to undertake, ordinance sec. 9.01. A board of assessment is created, with a staff, to perform duties hereinafter described, ordinances secs. 9.02, 9.03. The common council of the city may pass a preliminary resolution deeming a public improvement to be necessary. Neither the property necessary to be used or acquired nor the purpose need be described in detail in the resolution but general terms may suffice. The resolution shall provide that a plan of the proposed improvement be prepared for the approval of the common council, ordinance sec. 9.06. The plan may combine any or all specified improvements, ordinance sec. 9.07.

The board of assessment shall then prepare and report to the common council a tentative plan of the proposed improvement, the description of the property necessary to be acquired, an estimate of the total cost of carrying out said improvements, and an estimate of the total benefits that may be assessed against the property benefited by the proposed improvements, with other details supporting the report, ordinance sec. 9.13.

When the common council shall receive the report of the tentative plan the council may do several things. Among those, it may approve the report or, itself, may revise it, ordinance sec. 9.14. The city may alter the plan at any time before assessments have been confirmed, even though the plan has previously been adopted. If the plan is so altered the board of assessment shall present to the common council an amended plan with amended estimates of cost and of the benefits, ordinance sec. 9.15.

The common council may by resolution direct the board of assessment to determine the damages to be paid for property taken or injured and the amount of benefits to be assessed against each piece of property benefited (except for certain exempt property) and to make report thereof to the common council, ordinance sec. 9.21. Being so directed, the board shall hold hearings upon notice, ordinance sec. 9.22, after which hearings the board shall determine the damages and the benefits chargeable to the parcels of property and, in the case of benefits, in proportion to the benefits resulting from the proposed improvement, ordinance sec. 9.23. Opportunity is given before the board of assessment for review of such determinations. Thereafter the board shall report the assessment to the common council in writing, ordinance sec. 9.26.

After the common council has received the report of assessment:

". . . the common council may, in its discretion, upon the recommendation of its committee or otherwise, confirm said assessment or refer the same back to said board for revision and correction. If the same shall be referred back the said board shall proceed to review, correct, and revise said assessment and report the same in like manner and upon like notices as herein required in relation to the first assessment and all parties interested shall have the like rights and the said board and the common council respectively shall

have like powers in relation to any subsequent assessments that they had in relation to the first assessment." Ordinance sec. 9.27; sec. 9 (7) of the Kline Law.

The routine thus briefly prescribed by the statute and the ordinance was followed down to and including the report of assessment made to the common council by the board of assessment, required by ordinance sec. 9.26, *supra.* That report assessed benefits against all the property in the benefited area, as that area was determined by the board, in accordance with the board's determination of the benefits accruing to such property from the proposed improvement. The common council then *resolved* that the assessment reported by the board was confirmed "as to all property within such benefited district which property is zoned for nonresidential purposes [that is, plaintiff's property], and the assessment of benefits . . . on all property zoned only for residential purposes is not confirmed for the reason that it is hereby determined by the common council that such property is not benefited in fact from such improvement and the benefited district as originally approved is hereby amended to exclude therefrom all property zoned only for residential purposes." The resolution then designates those parcels upon which assessments shall be levied and collected. Assessments of $25,500 were thus confirmed against plaintiff's property and the board's reported assessments against residential property amounting to $18,537 were not confirmed.

Pursuant to the resolution partially confirming the reported assessment, the city proceeded to collect the benefit assessment upon the nonresidential property without referring the entire assessment back to the board. Plaintiff taxpayer's action challenges the validity of the entire assessment for noncompliance with the procedure prescribed by the statute, ordinance sec. 9.27; Kline Law, sec. 9 (7).

Plaintiff's contention here and in the trial court is that sec. 9.27 of the ordinance—sec. 9 (7) of the statute—requires the common council to do one of two things in acting upon the board's report of assessment: The council "may . . . confirm said assessment or refer the same back to said board for revision and correction," whereupon the board shall review, correct, and revise the assessment upon notice of hearings, and hearings shall be granted to interested parties as in the first instance, after which the board of assessment shall again report to the common council. Until these things are done the common council has no legal power to proceed further with the assessment process.

We agree with the learned trial court that:

"Sec. 9 (7) of the Kline Law is literally unambiguous and, in the court's opinion, warrants only adherence to the rule of literal interpretation consistent with the plain language of the statute and the legislative intention, with respect to the mode of procedure, expressed thereby. [Cases cited.]

"And in the opinion of the court, the statute, which plainly prescribes the mode of procedure to be followed, by the implication of express mention of that procedure, excludes and precludes any other."

We further agree with the trial court that a partial confirmation of the reported assessment is not a confirmation in compliance with sec. 9 (7) of ch. 275, Laws of 1931. The court expressed it well: "The authority to confirm is one authority of the council. To confirm in part is not a degree of that statutory authority." In our judgment the court's conclusion is correct: The action taken by the common council by its resolution was in excess of its statutory authority and is invalid and void.

The city has contended that plaintiff's purported action for declaratory judgment will not lie because plaintiff is merely attempting to disguise an appeal from an assessment

after the statutory time permitting such an appeal has expired. The contention is without merit. Plaintiff's complaint charges that the entire assessment is void for noncompliance with the statute in the assessment process. Such an action does not go merely to the size of the assessment. Here, as in *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 385, 8 N. W. (2d) 372, 8 N. W. (2d) 865, ". . . the proper remedy where the entire proceeding is void because of want of power and also where the irregularity or illegality vitiates the entire assessment is by attack in a direct proceeding for that purpose; . . ."

We conclude that the action was properly brought and the decision reached by the trial court on the merits is correct in that the purported confirmation of assessment did not conform to the requirements of sec. 9.27 of the ordinance nor sec. 9 (7) of the Kline Law. Neither the judgment of the trial court nor the present decision forecloses the common council from referring the report of assessment back to the board of assessment for review, correction, revision, in the manner which the ordinance and statute directs, with a subsequent new report to the council.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.