FLORKOWSKI, Appellant, v. CITY OF MILWAUKEE, Respondent.

*November 28, 1961—January 9, 1962.*

For the appellant there was a brief and oral argument by *Clyde E. Sheets* of Milwaukee.

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

BROADFOOT, C. J.    It is not disputed that the board of assessment complied in full with the provisions of sec. 9, ch. 275, Laws of 1931, as amended, relating to notice and hearing on benefits resulting from a proposed improvement. Hearings are provided for at two stages. The first is held to hear testimony of interested persons prior to apportionment and assessment of benefits to individual properties in the benefit district. The second is held after such assessment has been made and is for the purposes of review and correction. Any interested person may inspect the assessment or object to the same, or ask for a review and correction thereof and offer testimony or evidence. Such hearings were held by the board on three successive days, both in January, 1960,

and June, 1960, respectively. Timely notice of the hearings is required to be given by publication and posting. There is no provision requiring such notice to be mailed to or personally served on interested parties.

Sec. 10 of the Kline Law provides for appeal to the circuit court of an assessment of benefits after confirmation of such assessment by the common council. Sec. 11 makes such an appeal the exclusive method of review of any assessment of benefits made.

Plaintiff is attacking both the amount of the benefits assessed against his property and the validity of the notice requirement of the Kline Law. This court has recently said:

> "The appeal provision of sec. 10 of the Kline Law has been construed as only embracing irregularities or illegality affecting the amount of the benefits or damages, and that any action attacking the validity of the entire proceeding must be brought under sec. 41." *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. (2d) 31, 34, 109 N. W. (2d) 486, citing *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 385, 8 N. W. (2d) 372; *Perkins v. Peacock* (1953), 263 Wis. 644, 656, 58 N. W. (2d) 536. See also *S. D. Realty Co. v. Milwaukee* (1960), 9 Wis. (2d) 134, 100 N. W. (2d) 318.

The notice of appeal states that it is from the assessment of benefits. It states further that the grounds of the appeal are that the assessment was arbitrary, discriminatory, and capricious, and that the board of assessments had no sound basis on which to make the same. As an argument in support thereof, the plaintiff raised the question of notice and alleged that proper notices were not served upon him and therefore the procedure of the board was unconstitutional.

As stated above, an attack upon the validity of the proceedings must be brought by a direct action. It appears from the record that the plaintiff and others whose property has been similarly assessed have commenced a direct action at-

tacking the constitutionality of the Kline Law and the procedures followed by the city. Those questions cannot be determined in this action involving only an appeal from the assessment of benefits.

Plaintiff's appeal from the assessment of benefits would be proper if he had appeared and objected at just one of the hearings. *Central Urban Co. v. Milwaukee* (1944), 245 Wis. 525, 530, 15 N. W. (2d) 855. By failing to do so at either of the board hearings plaintiff is estopped from appealing the assessment.

"Where a property owner has an opportunity given him, in proceedings for the making of a public improvement and the levying of an assessment therefor, to appear and contest the assessment before authorities whose duty it is to pass upon objections to assessments, the determination of the authorities is final and if the property owner fails to avail himself of the opportunity provided he thereby admits the finality of the determination and is estopped to raise the question in subsequent proceedings." *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 392, 8 N. W. (2d) 372.

The fact that plaintiff here made objections to the executive secretary of the board is not sufficient to preserve his right of appeal. *James Conroy Family Co. v. Milwaukee* (1944), 246 Wis. 258, 16 N. W. (2d) 814.

There is no material issue of fact for trial and summary judgment was properly granted.

*By the Court.*—Judgment affirmed.

GORDON, J., took no part.