DICK, Appellant, v. SHAWANO MUNICIPAL HOSPITAL a/k/a SHAWANO COMMUNITY HOSPITAL and others, Respondents.

*No. 339. Argued June 5, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 824.)

For the appellant there was a brief and oral argument by *Jack J. Schumacher* of Shawano.

For the respondent Shawano Municipal Hospital there was a brief by *Jenswold, Studt, Hanson, Clark & Kaufmann* of Madison, and oral argument by *Robert R. Studt.*

For the respondents Dr. D. A. Jeffries, Fred Lemhouse, and Carl L. Krueger there were briefs by *Welsh, Trowbridge, Bills, Planert & Gould,* and oral argument by *Vance M. Waggoner,* all of Green Bay.

ROBERT W. HANSEN, J. The complaint sets forth causes of action against the hospital to which he was taken for treatment; the doctor who examined plaintiff at the hospital and diagnosed his condition as being drunk; the sheriff and the undersheriff who placed him under arrest on the charge of being drunk in a public place. Demurrers were filed by each defendant named.

The sheriff's demurrer was sustained. This is clearly an appealable order. The demurrers on behalf of the doctor and hospital were sustained but with an attached provision that plaintiff could file and serve an amended complaint within thirty days. To the extent that these orders were a granting of leave to amend pleadings, they would not be appealable. To the extent that such orders were a final disposition, the sustaining of a demurrer, they are appealable. On balance, giving weight to the fact that the option to replead was not exercised, we hold them to be appealable. Each of the three situations involved will be considered separately and analyzed sequentially.

As To The Doctor.

The complaint as a cause of action against the doctor stated: "That the defendant, Dr. D. A. Jeffries, relayed confidential information without the consent of the plaintiff contrary to (sec. 885.21, Wis. Stats.), and diagnosed

the plaintiff's illness as being drunk when he was not drunk."

On the demurrer to the complaint against the doctor, the trial court sustained the demurrer, providing, however, that plaintiff was given thirty days within which to serve and file an amended complaint alleging malpractice.

To understand what was done and why it was done the following colloquy between court and plaintiff's counsel, taken from the record, is material:

*"The Court:* . . . in order to have an incorrect diagnosis actionable it must be the direct result of injury complained of and the injury complained hereof is not his going to Waupun. There is no injury that came to him as a result of the treatment or lack of treatment that I can see. . . ."

*"The Court:* I believe because of the failure in that respect, that the complaint does not state a cause of action for damages as a result of an incorrect diagnosis.

"Now we come to the second cause of action for relaying confidential information. Well now, the brief points out with some force that the statute referred to, sec. 885.21, is a rule of evidence. And it does not set forth any particular right that a breach of which would be actionable. The relaying of confidential information. I don't suppose you are relying particularly on that phase, so in that respect the court is of the opinion that it does not state a cause of action.

"You indicated by a shake of your head?

*"Mr. Schumacher:* That's right.

*"The Court:* Now the III, Other Causes of Action, and it states several points under that . . . The first item is Invasion of Privacy. You concede, Mr. Schumacher, there is no cause of action in Wisconsin for invasion of privacy?

*"Mr. Schumacher:* That is correct.

*"The Court:* So it is conceded that the complaint does not state a cause of action in that respect—

"Next—Defamation of Character. Libel and Slander.

"Are you making any claim there?

*"Mr. Schumacher:* No.

*"The Court:* Not necessary to further belabor the point in that respect. And the next—Malicious Prosecution. Are you claiming that?

*"Mr. Schumacher:* The statute of limitations will have run on that.

*"The Court:* As far as Dr. Jeffries, you make no claim to have a cause of action of malicious prosecution?

*"Mr. Schumacher:* That is correct.

*"The Court:* Those are the only points that are referred to here. Is there any other cause of action that you believe that has been set forth other than those addressed to the court by the defendant Jeffries in your complaint?

*"Mr. Schumacher:* The court has indicated I have twenty days to amend my complaint.

"∴ . . .

*"Mr. Schumacher:* . . . I would like an opportunity to explore this further to determine whether or not I can come up with something . . . I would like, if the court agrees, that I be granted time to amend and if I can't find anything to amend, then I certainly am not going to waste your time or these attorneys' time or my time, but I would like permission to possibly amend as to Dr. Jeffries, if I find there is grounds to establish a cause of action.

*"The Court:* Not on the grounds that you have already conceded do not exist?

*"Mr. Schumacher:* That is correct.

*"The Court:* Be merely with respect to the cause of action of incorrect diagnosis.

*"Mr. Schumacher:* Correct.

*"The Court:* . . . it seems to me that Mr. Schumacher is conceding that the only possible cause of action here against Dr. Jeffries is that with respect to malpractice although you do not designate it as such here, is that correct?

*"Mr. Schumacher:* That is correct, Your Honor.

*"The Court:* And the court will give you an equal time, same amount of time, twenty days, in which to file an amended complaint, setting forth the cause of action alleging malpractice, which, you concede is the only cause of action that you could possibly bring against Dr. Jeffries; is that correct?

*"Mr. Schumacher:* That is correct.

*"The Court:* . . . It is the intent of the court that the twenty days begins to run today. That will give you adequate time, will it not?

*"Mr. Schumacher:* Well, it would have to be. The reason I say that, I mean you could give me a little more time. Give me time to explore it.

*"The Court:* Is there objection on the part of either counsel to give him thirty days instead of twenty days?

*"Mr. Jenswold:* Thirty days from today.

*"Mr. Schumacher:* That would be fine. If I can't come up with it then that will be it. I will explore this. If I feel I haven't got anything, I will contact the court by letter and the respective attorneys.

*"The Court:* And make a motion to dismiss?

*"Mr. Schumacher:* Dismiss."

The inquiries by the court and responses by plaintiff's counsel clearly reveal that the imperfections of the complaint in stating a cause of action against the doctor were conceded by plaintiff's counsel. He did not urge that the complaint be sustained as against the challenge of the demurrer. He agreed with the trial court that the cause of action based on incorrect diagnosis was in fact a cause of action for malpractice which had not been correctly pleaded. So it was plaintiff's counsel who requested that time be allowed to draft, serve and file an amended complaint, to be limited to the claim of malpractice based on incorrectness of diagnosis. He further stated that he would not waste the time of court, opposing counsel or himself by filing such amended complaint if he could not "find anything to amend" and would, if this were the case, move to dismiss as to the doctor. This record puts plaintiff in no position to seek reversal of the court order agreed to and, in fact, requested by his counsel. The full colloquy, from which the above portions are excerpted, gives no reason to demur to the agreement of plaintiff's counsel and court that malpractice, based on incorrect diagnosis, was the only ground on which plain-

tiff could stand in seeking redress against the doctor. The order of the trial court as to the doctor merely implemented the conclusion jointly reached by the court and plaintiff's counsel. In fact, the leave to amend, and the time period allotted to do so, were requested by plaintiff's counsel. Such requested order remains appealable, but there is no basis on this record why it should be reversed.

As To The Hospital.

The complaint, as the cause of action against the hospital alleged: "That by reason of the foregoing facts, the plaintiff was denied public accommodation by the Shawano Community hospital contrary to (sec. 943.04 Wis. Stats.)." This statute, actually sec. 942.04, Stats., provides that whoever denies to another the full and equal enjoyment of any public place of accommodation because of race, color, creed, national origin, or ancestry may be fined not more than $200 and imprisoned not more than six months. Sub. (4) creates a cause of action in favor of an aggrieved person. The complaint specifically alleges that the doctor ". . . determined that because the plaintiff was Indian that he was drunk when in fact he was not . . ." The complaint sets forth that the plaintiff ". . . is an American Indian over twenty-one years of age . . ."

As with the demurrer to the cause of action against the doctor, the court sustained the demurrer but granted leave to the plaintiff to serve and file an amended complaint setting forth facts showing that an officer, agent, or employee of said hospital in his official capacity violated the statute involved.

To understand that order and why it was made, once again it is helpful to go to the record to examine the exchange of statements between the court and plaintiff's counsel when the question of hospital liability was discussed.

*"The Court:* These pleadings are very difficult. You have all one cause of action against four or five people in four or five possible concepts. I don't see why you don't have your complaint prepared Count No. 1, No. 2, etc., and allege and demand redress against the persons whom you believe are liable under a particular count. You have them all jumbled together.

*"Mr. Schumacher:* If the court will allow me, I would like to amend my complaint and I certainly will set forth these particular causes of action as counts against each individual defendant.

*"The Court:* I am going to rule first of all on the various points that are raised here . . . .

" . . .

*"The Court:* The court is of the opinion that with respect to the claimed cause of action against the hospital, that the complaint fails to state a cause of action because it does not allege nor is there proper inference from the complaint, that any agent, officer or employee of the hospital refused to admit the plaintiff. Therefore, the demurrer of the hospital is sustained. The plaintiff shall have twenty days in which to file an amended complaint if he sees fit to do so . . . .

" . . .

*"Mr. Jenswold:* [counsel for the hospital] Your Honor, if I understand the previous order of the court, Mr. Schumacher has twenty days to amend, serve and file an amended complaint as to the hospital, which would be predicated upon apparently some rule of agency, am I correct?

*"The Court:* That is right. That is your understanding, is it not, Mr. Schumacher, of the court's ruling?

*"Mr. Schumacher:* I don't want to commit myself, Your Honor. I mean I would like to explore this.

*"The Court:* Any cause of action you might have against the hospital for refusing to admit, providing he alleges under the rules that we have and his responsibility as an attorney, that Dr. Jeffries was the agent.

*"Mr. Schumacher:* I have to explore all of this and I can't give you an answer. I mean I will go into this thing. I will explore it, and, if I don't feel I have a cause of action, I will inform you within twenty days, and the respective attorneys, but I feel I can't commit myself as

to what—off the top of my head. This involves a very serious lot of facts and, therefore, I don't want to open myself up or jeopardize anything that might be in the offing by making a commitment at this time.

*"The Court:* Well, any cause of action that you have against the hospital, in my opinion, must be on the basis of the acts of its agents or employees and unless and until you allege that Dr. Jeffries or some other person acting as the agent or employee of the hospital refused the plaintiff admission, I don't see how you could possibly have a cause of action."

As to the cause of action against the hospital, plaintiff's counsel stopped short of full assent or commitment to the point of view expressed by the court. He did, however, request time to further explore the situation. The exchange of views clearly establishes that all the court was insisting upon was that, as a prerequisite to a claim of hospital liability, an allegation of agency be added. The plaintiff was to be required to allege either that Dr. Jeffries was to be an agent of the hospital or that some other person as agent or employee had refused the plaintiff the admission to which the statute relates. The defendant hospital was entitled to have pleaded the identity of the agent or employee for whose act of refusal it was being held accountable. The trial court did not deal with the question of whether the claim of improper diagnosis is consistent with a claim of refusal to treat the patient. Neither do we. We stop as the trial court did, with holding that granting leave to amend to allege an agency relationship was proper, as was the order to dismiss against the hospital if the complaint was not so amended.

As To The Sheriff.

The complaint asserted against the sheriff and undersheriff, "That the defendant, Carl L. Krueger, acted out of and beyond his official capacity, contrary to 893.20,

Wis. Stats. . . ." The claim against Fred Lemhouse sheriff of Shawano county, derived from the statutory responsibility (sec. 59.22, Stats.) of a sheriff for default or misconduct in office of his undersheriff.

The demurrer on behalf of the sheriff and undersheriff was sustained by the trial court. No leave to amend or right to plead over was granted by the court on this phase of the action. It is clear from the record that no such leave or right was requested or desired by the plaintiff.

The dialogue between court and plaintiff's counsel on the demurrability of the complaint as against the law officers went as follows:

"*The Court:* It would seem to me this isn't an action for malicious prosecution as far as the sheriff is concerned, and also it seems to me quite clear that in view of the fact that he was convicted by the county court, rightfully or wrongfully, shows probable cause for arrest. That is conclusive, as I said, in one of these cases, referred to in the brief, *Tarantino v. Griebel,* 9 Wis. 2d 37, that the mere fact that he was convicted in the county court is conclusive evidence of there being probable cause, and that makes good sense. I can't see where you have a cause of action of malicious prosecution. What other cause of action do you claim you have against the sheriff?

"*Mr. Schumacher:* Making a false affidavit. That he was drunk.

"*The Court:* But the fact there was a conviction it seems to me is conclusive evidence that the sheriff had probable cause.

"*Mr. Schumacher:* I agree with you. I won't belabor the point on this score.

"*The Court:* Then you agree with me then, you have no other theory upon which you want to press your claim against the sheriff or his deputy. I won't have to hear from Mr. Strossenreuther. I assume you are perfectly in accord with that?

"*Mr. Strossenreuther:* Yes.

"*The Court:* You have any objection to the court sustaining your demurrer?

"*Mr. Strossenreuther:* None whatsoever.

*"The Court:* It is sustained. In view of the concession made by plaintiff's counsel, I assume you will not want to plead over again with respect to the sheriff and the deputy?

*"Mr. Schumacher:* No."

It is clear that plaintiff's counsel did not request or desire any opportunity to prepare an amended complaint against the sheriff and undersheriff. It is likewise clear that plaintiff's counsel conceded that the complaint here did not state a cause of action against the two law officers. The order sustaining the demurrer here involved actually was a consent decree, consented to by plaintiff's counsel. Counsel stated at the hearing that he had no objection to the court sustaining the demurrer as to the sheriff's, "None whatsoever." What was agreed to then cannot be challenged now, at least on the record here established.

For the reasons given, the orders of the trial court applying (1) to the cause of action asserted against the doctor; (2) to the cause of action alleged against the hospital; (3) to the cause of action pleaded against the sheriff and undersheriff are found proper and upheld on this appeal.

*By the Court.*—Orders affirmed.