SAWEJKA and wife, Appellants, v. MORGAN, Secretary of Department of Revenue, Respondent.

*No. 204.   Argued October 2, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 528.)

Sawejka v. Morgan, 56 Wis. 2d 70.

For the appellants there was a brief by *Niebler & Niebler and John H. Niebler,* all of Menomonee Falls, and oral argument by *John H. Niebler.*

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. As we view this appeal, the following issues are presented:

1. Does this court have jurisdiction to entertain this appeal?

2. Is it within the jurisdiction of the tax appeals commission to render a declaratory judgment concerning the applicability and constitutionality of sec. 77.52, Stats., as applied to plaintiffs' business?

3. Does the circuit court, under the provisions of sec. 269.56, Stats., have jurisdiction to render a declaratory judgment concerning the applicability and constitutionality of sec. 77.52, as applied to plaintiffs' business or does sec. 73.01 grant exclusive jurisdiction to the tax appeals commission?

4. If the circuit court has concurrent jurisdiction with the tax appeals commission, did the circuit court abuse its discretion in declining jurisdiction?

*Jurisdiction of this court.*

The defendant argues that the plaintiffs should have appealed from the order sustaining the demurrer, and not having done so, this court has no jurisdiction to review the subsequent judgment dismissing the complaint on its merits.

An order sustaining a demurrer is an appealable order as provided in sec. 274.33 (3), Stats. This is true whether or not the order sustaining the demurrer allows time to serve an amended complaint. This court, in *Dick v. Shawano Municipal Hospital* (1969), 43 Wis. 2d 430, 433, 168 N. W. 2d 824, held:

". . . The demurrers on behalf of the doctor and hospital were sustained but with an attached provision that plaintiff could file and serve an amended complaint within thirty days. To the extent that these orders were a granting of leave to amend pleadings, they would not be appealable. To the extent that such orders were a final

disposition, the sustaining of a demurrer, they are appealable. . . ."

It is only that part of the order allowing the amendment of pleading which is not appealable.[1] Although plaintiffs have appealed from the judgment and not the order sustaining the demurrer, the order can be reviewed under the provisions of sec. 274.34.

Sec. 274.34, Stats., provides:

". . . Upon an appeal from a judgment, and upon a writ of error, the supreme court may review any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record."

An appeal from the judgment brings up for review the order sustaining the demurrer upon which it is based.[2] The judgment dismissing the action on its merits disposes of the order sustaining the demurrer.

This court has jurisdiction in the instant case.

*Jurisdiction of the tax appeals commission.*

Sec. 73.01, Stats., provides, in part:

"(4) POWERS AND DUTIES DEFINED. (a) Subject to the provisions for judicial review contained in the statutes, the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state, except such as may be otherwise expressly designated. . . .

". . .

"(5) APPEALS TO COMMISSION. (a) Any person who has filed an application for abatement or a claim for re-

---

[1] *Travelers Ins. Co. v. Fidelity & Casualty Co.* (1964), 24 Wis. 2d 38, 128 N. W. 2d 71; *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 131 N. W. 2d 331.

[2] *Leibowitz v. Leibowitz* (1944), 245 Wis. 218, 220, 14 N. W. 2d 2; *Milwaukee County v. Milwaukee Western Fuel Co.* (1931), 204 Wis. 107, 113, 235 N. W. 545; *Schlecht v. Anderson* (1930), 202 Wis. 305, 307, 232 N. W. 566; *Moritz v. Splitt* (1882), 55 Wis. 441, 13 N. W. 555.

fund with the department of revenue or assessor of incomes and who is aggrieved by a determination of the department or assessor denying such application for abatement or claim for refund, may, within 30 days after such denial but not thereafter, file a petition for review of the action of the department or assessor and 4 copies thereof with the clerk of the commission . . . ."

" . . .

"(c) Whenever an appeal is taken from any determination of the secretary of revenue under sub. (4) (a) and no other procedure for appeal is specified in ch. 73 or ch. 76, the person feeling aggrieved by such determination shall file with the clerk of the commission . . . ."

Sec. 73.01 (4), Stats., is a broad grant of authority to the commission to hear and determine all questions of law and fact arising under the tax laws of the state, except as may be otherwise expressly designated. In *Neu's Supply Line v. Department of Taxation* (1968), 39 Wis. 2d 584, 159 N. W. 2d 742, this court determined that the enactment of sec. 73.01 (6) (c), renumbered sec. 73.01 (5) (c) by ch. 276, sec. 333, Laws of 1969, gave the commission jurisdiction to review all questions of law and fact arising out of determinations by the secretary of the department of revenue. Previous to the enactment of sec. 73.01 (5) (c), the commission's review authority was restricted solely to review of applications for abatement and claims for refund.[3]

In the present case we have a situation where the secretary of the department of revenue has determined that the provisions of the selective retail sales tax (sec. 77.52, Stats.) are applicable to plaintiffs' business. This is a determination which adversely affects the plaintiffs. We are of the opinion that the commission has authority to hold declaratory proceedings arising from such a determination by the secretary of department of revenue.

[3] *Kaukauna v. Department of Taxation* (1947), 250 Wis. 196, 200, 26 N. W. 2d 637.

Sec. 227.06, Stats.,[4] does not, as contended by the state, provide for the institution of a declaratory judgment proceeding before the commission. Sec. 227.06 says in clear language that the "agency" may make a declaratory rule with respect to "any rule or statute enforced by it." Sec. 73.01 does not define the duties of the commission to be "enforcement" of the tax laws of the state. Sec. 73.03 provides that the "enforcement" of the tax laws is delegated to the department of revenue.

The tax appeals commission is an independent tribunal exercising quasi-judicial functions. *State ex rel. Thompson v. Nash* (1965), 27 Wis. 2d 183, 195, 133 N. W. 2d 769; *Kaukauna v. Department of Taxation, supra.*

*Concurrent jurisdiction of circuit court
and commission of tax appeals.*

Defendant contends that, as a matter of subject-matter jurisdiction, the commission has exclusive jurisdiction over the review of any question of fact or law arising under the tax laws of Wisconsin. Whereas, the plaintiffs never actually challenge the jurisdiction of the commission, but argue, in effect, that the circuit court has concurrent jurisdiction under the provisions of sec. 269.56, Stats., which provides, in part:

". . . (1) SCOPE. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding

---

[4] "227.06 **Declaratory rulings.** (1) Any agency may, on petition by any interested person, issue a declaratory ruling with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the agency and all parties to the proceedings on the statement of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the circuit court in the manner provided for the review of administrative decisions."

shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

The trial court correctly determined that *Metzger v. Department of Taxation* (1967), 35 Wis. 2d 119, 150 N. W. 2d 431, was distinguishable and, therefore, inapplicable to the facts of the instant case. *Metzger* concerned a taxpayer's action in circuit court to declare 21 gift-tax assessments null and void and to enjoin future assessments. The trial court sustained a demurrer interposed by the state. We affirmed. In *Metzger*, a timely application for abatement had been filed and the administrative process had begun but had not been completed. The *Metzger* decision was primarily based on the exhaustion-of-remedies doctrine, which will subsequently be considered in this opinion, and therefore, is not controlling in the instant case.

The plaintiffs direct our attention to *Berlowitz v. Roach* (1947), 252 Wis. 61, 30 N. W. 2d 256; *S. D. Realty Co. v. Milwaukee* (1960), 9 Wis. 2d 134, 100 N. W. 2d 318; *Racine v. Morgan* (1968), 39 Wis. 2d 268, 159 N. W. 2d 129, as authority for their position that the circuit court has jurisdiction despite lack of review by the commission.

*Berlowitz, supra,* was a declaratory judgment action concerned with beverage tax stamps under sec. 139.26, Stats. 1947. This case arose prior to the enactment of sec. 73.01 (5) (c), at a time when review by the commission was limited to applications for abatement or refund.[5] The exclusive remedy for one aggrieved, under sec. 139.26, was an action in law for a refund. This court held that no inference could be found in the statute that sec. 269.56 could not be used for declaratory relief

---

[5] *Kaukauna v. Department of Taxation, supra.*

and to rule otherwise would force thousands of individual lawsuits. The *Berlowitz Case* is distinguishable on its facts.

*S. D. Realty Co. v. Milwaukee, supra,* was an appeal from a special-tax assessment of the city of Milwaukee. There was no provision for review to the tax appeals commission as there is in the instant case.

In *Racine v. Morgan, supra,* the plaintiff sought declaratory relief in circuit court to determine the propriety of the commissioner of taxation's determination in applying the provisions of sec. 71.14, Stats., allocating the normal corporate income of S. C. Johnson & Son, Inc., among it and other municipalities in Wisconsin. This court, in considering a challenge to the circuit court's jurisdiction, stated on page 290:

"The respondent, town of Mt. Pleasant, challenges the jurisdiction of the court to consider the case. We find no merit in the respondent's argument. This is a declaratory judgment action brought against the departments of taxation and administration and against the department heads as individuals. The appellant contended that the statute governing the situation was being misconstrued and misapplied to its detriment. This is sufficient to establish jurisdiction for declaratory judgment. . . ."

We find *Racine v. Morgan, supra,* to be support for the determination that sec. 269.56, Stats., gives the circuit court concurrent jurisdiction with the tax appeals commission over issues arising under the tax laws. We, therefore, conclude that the circuit court and the tax appeals commission have concurrent jurisdiction to hear and determine all questions of law and fact arising under the tax laws of this state. The doctrines of exhaustion of remedies and primary jurisdiction are not concerned with the question of subject-matter jurisdiction. The doctrines assume concurrent jurisdiction between the court and the agency and are addressed to the trial court's discretion to decline jurisdiction in favor of that of the

agency. *Metzger, supra; Wisconsin Collectors Asso. v. Thorp Finance Corp.* (1966), 32 Wis. 2d 36, 145 N. W. 2d 33.

*Abuse of discretion in declining jurisdiction.*

Once having determined that the circuit court and tax appeals commission have concurrent jurisdiction, we consider whether the court abused its discretion in declining jurisdiction.

Under the facts of the instant case, the defendant has made a determination that sec. 77.52 (2) (a), Stats., is applicable to plaintiffs' business operations. There is no administrative proceeding under way to establish the validity or constitutionality of such a determination. The doctrine of exhaustion of administrative remedies does not apply where there is no administrative proceeding under way. This court in *State v. Dairyland Power Cooperative* (1971), 52 Wis. 2d 45, 54, 187 N. W. 2d 878, held:

". . . The rule of exhaustion contemplates a situation where some administrative action is under way but is as yet *uncompleted. Wisconsin Collectors Asso. v. Thorp Finance Corp.* (1966), 32 Wis. 2d 36, 47, 145 N. W. 2d 33; *United States v. Western Pac. R. Co.* (1956), 352 U. S. 59, 77 Sup. Ct. 161, 1 L. Ed. 2d 126; *McKart v. United States* (1969), 395 U. S. 185, 89 Sup. Ct. 1657, 23 L. Ed. 2d 194; 3 Davis, *Administrative Law Treatise,* pp. 56–115, secs. 20.01 *et seq.*"

The doctrine of exhaustion of administrative remedies, therefore, cannot be applied to the instant case or support the trial court's discretion.

However, the trial court was within its discretion to decline jurisdiction under the primary-jurisdiction doctrine. Where there is an absence of any formal proceeding before an agency, which has jurisdiction of the subject matter, the primary-jurisdiction rule applies. Its purpose is to promote proper relations between the

courts and administrative agencies. *Wisconsin Collectors Asso. v. Thorp Finance Corp., supra.* The doctrine determines whether the court or the agency should make the initial determination. *State v. Dairyland Power Cooperative, supra.*

The question under this doctrine, in the instant case, is whether the court or the tax appeals commission should make the initial decision as to the validity or constitutionality of applying sec. 77.52 (2) (a), Stats., to plaintiffs' business. The trial court held that the commission should make the initial determination. This court, in *Wisconsin Collectors Asso. v. Thorp Finance Corp., supra,* at page 44, stated the test as:

". . . The standard, in our opinion, should not be power but comity. The court must consider which course would best serve the ends of justice. If the issue presented to the court involves exclusively factual issues within the peculiar expertise of the commission, the obviously better course would be to decline jurisdiction and to refer the matter to the agency. On the other hand, if statutory interpretation or issues of law are significant, the court may properly choose in its discretion to entertain the proceedings. The trial court should exercise its discretion with an understanding that the legis-. lature has created the agency in order to afford a systematic method of fact-finding and policy-making and that the agency's jurisdiction should be given priority in the absence of a valid reason for judicial intervention."

Plaintiff does not attempt to show any valid reason for the intervention of the courts. There do exist many factual issues as to the application of sec. 77.52 (2) (a), Stats., to plaintiffs' business operations that fall within the expertise of the tax appeals commission. The legislature has created the tax appeals commission to afford a systematic method of fact-finding and policy formation under the Wisconsin tax laws. Uniform application of our tax laws is an admirable and necessary legislative

and administrative goal. The courts should not unnecessarily interject themselves into this process. The trial court did not abuse its discretion in declining jurisdiction in favor of that of the tax appeals commission.

*By the Court.*—Judgment affirmed.